## Singleton v. Singleton.

(Decided December 7, 1926.)

## Appeal from Calloway Circuit Court.

1. Parent and Child—Father Must Maintain His Infant Children Whose Rights Court May Protect.—Father is bound to maintain his infant children whose rights court may protect, if he fails to do so.

2. Divorce—Children's Right to Support by Father is Unaffected by Parents' Divorce or Property Settlement Providing for Father's Payment of Sums for Their Support.—Children's right to support by father is a direct right vesting in them and not coming through their mother, and their rights are not affected by parents' divorce or any contract she may make, including property settlement providing for payment of sums to her for their maintenance.

3. Divorce—$15.00 a Month from Father for Each of Two Children of High School Age, Living with Mother, Held Proper Allowance for Their Support.—Allowance of $15.00 a month for each of two children of high school age, living with mother, held reasonable and proper, considering father's financial condition.

E. P. PHILLIPS and COLEMAN & LANCASTER for appellant.

SPEIGHT & CRAWFORD for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

In the year 1916 C. A. Singleton brought a suit against his wife, Mary Singleton, to obtain a divorce on the ground of abandonment. After that suit was filed they made a written contract by which their property rights were settled. This contract contained the following provision:

"And whereas, as the fruits of said marriage, parties have two children, Perry Singleton, boy aged 7 years, and Mildred Singleton, girl aged 4 years, who now reside with their mother, Mary Singleton, and said C. A. Singleton binds himself to pay said Mary Singleton the sum of twenty dollars per month, or ten dollars per month for each child, for the support of said children, said sum to be paid monthly, and to continue during the minority of said children or during that portion of said time that Mary Singleton has the control and care of same. And five dollars per month additional during the time C. A. Singleton is postmaster at Hazel, Kentucky."

The divorce was granted; Mary Singleton took charge of the children and C. A. Singleton paid her $20.00 a month. In 1923 he married again. On November 1, 1923, she filed this action against him, charging, in substance, that he had not paid certain installments due under the contract, and also that the sum promised was not sufficient for the support of the children. After the action was filed he paid the past due installments; then the court sustained a demurrer to so much of her petition as sought an additional allowance. Thereupon the two children by their next friend filed their intervening petition alleging the same facts as shown by their mother and praying an additional allowance. The court overruled a demurrer to their petition, and the case coming on for hearing entered a judgment that C. A. Singleton pay $15.00 a month for the support of each of the children, the money to be paid to the clerk of the court and he to pay same to Mrs. Singleton. From this judgment the defendant appeals.

The contract above quoted was a contract between the husband and wife. It settled their rights as between each other. The children were not parties to that contract and were without power to contract. It is the duty of a father to maintain his infant children, and if he fails to perform this duty the court may protect the children in their rights. The right of the children to support is a direct right vesting in them. It does not come through their mother, and their rights are not affected by any contract the mother may make. In a note to Graham v. Graham, 12 Ann. Cas. 138, the rule on this subject is thus well stated:

> "When, however, the divorce decree awarding the custody of the children to the mother provides that the father shall pay for their maintenance, the only question involved is the extent of his liability. It should be observed that such decree relates merely to the relative rights and duties of parents towards each other. See Hunt v. Monroe, 32 Utah 428, 91 Pac. Rep. 269, 11 L. R. A. (N. S.) 249. With respect to the children, the father's duties are unaltered by the decree. As the children were not parties to the suit, and as they were incapable of giving their assent, their rights cannot be affected thereby. Connett v. Connett (Neb. 1908), 116 N. W. Rep. 658."

In Rowell v. Rowell, 97 Kan. 18, Ann. Cas. 1918C, p. 937, the court thus stated the rule in accord with the great weight of authority on the subject:

> "The duty and responsibility of the parents were not altered by the award of the alimony of the decree of divorce, and the parental relation and duty of the father to make a reasonable provision for the maintenance of the minor children continued after the granting of the divorce the same as before. This has been held to be the rule even where the custody of the children has been specifically given to the mother and no provision made in the decree for their maintenance."

A number of cases sustaining the rule are collected in the notes to this case, and it will be seen that the cases holding to the contrary all turned on the peculiar facts before the court. There are no such facts in this case. An allowance of $10.00 a month for each of the children was reasonable at the time the contract was made, but the children are now older. It costs more to maintain them. The son is now in the high school; the daughter is ready for the high school, and to keep them in high school requires more than $10.00 a month. The allowance of $15.00 a month for each of the children is reasonable and is no more than should be allowed under the evidence, considering the father's financial condition. Hayden v. Hayden, 215 Ky. 299.

Judgment affirmed.