### PILSON v. SALVONI.

No. 6374.

United States Court of Appeals for the District of Columbia.

Argued May 8, 1935.

Decided July 29, 1935.

Jean M. Boardman and Raymond Neudecker, both of Washington, D. C., for appellant.

Sefton Darr, George E. Monk, and James O'D. Moran, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

MARTIN, Chief Justice:

An appeal from a judgment entered against appellant by the Supreme Court of the District of Columbia upon a decree for alimony theretofore granted to appellee, his wife, by a circuit court of the state of Maryland.

It appears that on October 25, 1923, in a divorce case then pending in the circuit court for Montgomery county, Md., wherein appellee was plaintiff and appellant was defendant, appellee recovered from appellant a decree of divorce a vinculo matrimonii. No allowance of alimony was made in the case to appellee for her own use; however, she was awarded the custody of the three infant children of the parties, subject to the right of the father to visit the children at reasonable times and places, and appellant was ordered to pay to her the sum of $75 per month for the maintenance of the children until the further order of the court.

The part of the court's decree requiring the payment of maintenance for the children reads as follows: "It is further ordered that the defendant pay the sum of $75 on the first day of each month hereinafter to the plaintiff for the maintenance of said infant children until the further order of the court. * * * The alimony is in accordance with the consent of the parties expressed by their solicitors."

It appears that no payment has ever been made by appellant to appellee for the maintenance of the children as required by the foregoing decree.

On December 12, 1933, a writ of fi. fa. was issued by the Maryland court to the sheriff of Montgomery county, reciting that appellant was indebted to appellee in the sum of $9,150 because of his default to pay

any part of the allowance for maintenance and directing that such sum should be made by execution upon the property of appellant. On December 13, 1933, the writ was duly returned by the sheriff indorsed nulla bona.

On February 5, 1934, appellee commenced an action at law in the Supreme Court of the District of Columbia against appellant to recover from him the sum of $9,150, being the sum total of the allowance for maintenance of the children which had accrued under the decree in the divorce case up to and including the month of December, 1933.

The appellant interposed in defense an amended first plea wherein he alleged that he was not indebted for any portion of the claim sued upon for that on December 20, 1923, the appellee agreed that if appellant would relinquish his right to visit the children in accordance with the provisions of the court's decree, and if thereafter he would not visit the children, she would relinquish and renounce her right to receive the maintenance awarded by the decree, and would release and discharge appellant from his obligation to pay the same; and that in consideration and performance of this agreement appellant did in fact relinquish his right to visit the children and since that date has not visited them.

A demurrer to this plea was sustained by the court; and appellant having elected to stand on the plea, judgment was entered against him for the full amount of the claim. From this judgment the present appeal was taken.

The finality of the Maryland decree with respect to past-due installments of alimony and the right to bring an action at law for the recovery of the same is conceded by appellant. No issue is presented by appellant as to the computation of the amount due from him in case his plea of release be denied. It is not contended by appellant that the alleged release was in writing, or that it was ever brought to the attention of the Maryland court, or that the Maryland court ever modified its decree in any respect. Appellant relies solely upon his plea of release.

In our opinion the decision of the lower court is right. The Maryland court retained jurisdiction over the allowance of alimony in the case as is evidenced by the provision in the decree that the order therefor should continue until modified or revoked by the court. The parties therefore were not entitled to modify the order in respect to the maintenance for the children without first submitting the matter to the court and obtaining its ruling thereon.

In Walter v. Walter, 189 Ill. App. 345, relating to a written agreement between the parties for the modification of an alimony decree, it is said: "It does not appear that this agreement between the parties was ever brought to the attention of the court, but it seems to have been made without the knowledge or approval of the court, and there is no modification of the original order directing the payment of alimony. Is such a contract binding upon the complainant and on the court, so that the court may not on application grant whatever relief to complainant may seem equitable and just? We think it is not. We hold that before such an agreement can be binding and conclusive its fairness and equity must be made manifest to the court having jurisdiction, and that its approval must appear of record. * * * It follows, therefore, that it is not sufficient for the immediate parties to agree as to alimony. The approval of the court must also be secured, and by failing to secure this approval the agreement in question was subject to the discretion of the court to be disregarded or not by it as it might see fit."

In Gloth v. Gloth, 154 Va. 511, 153 S. E. 879, 892, 71 A. L. R. 700, the court said: "So far as the provisions of the contract for the support of the wife and minor child are concerned, the result would be the same had the court merely approved the contract. The statute expressly gives the court the continuing jurisdiction to change or modify its decree as to the custody and maintenance of minor children. This power cannot be taken away by a contract made between their parents; nor can it be rendered nugatory by the device of making only a single provision for the support and maintenance of the wife and child, without definition of their several rights."

Moreover, in our opinion, the alleged verbal contract set out by the appellant in his plea filed below is on its face inequitable and void. The order of maintenance was made by the court for the benefit of the children as is expressed in the record itself. In this view of the relations of the parties the appellee was virtually their guardian or trustee. She had no authority to release their claim for maintenance. The alleged consideration for the verbal

release, namely, that the father should not visit the children as provided by the court's decree, furnished no valid consideration whatever for the release of the provisions for maintenance of the children as set out in the decree of the Maryland court. It is significant that the decree for maintenance was passed by the court on October 25, 1923, and that the verbal modification of the decree for the release of the court's provision for maintenance was made on December 20, 1923, two months after the date of the decree. In the release the duty of the father under the court's decree to pay for the maintenance of the children was released, without submission to the court, and without any good or valuable consideration moving to the children for the release. The alleged release was void.

The decision of the lower court is affirmed, with costs.