HELEN POWELL et al., Plaintiffs, Appellees, v. CORRINE ELIZA-BETH MCBLAIN, Defendant, Appellant; HUBERT PYE, Executor, Defendant.

No. 43679.

NOVEMBER 24, 1936.

REHEARING DENIED MARCH 12, 1937.

Messer & Nolan and Clyde McFarlin, for appellant.

Thomas J. Bray, for appellees.

ALBERT, J.—Cornelius and Elizabeth Powell were husband and wife. He died in September 1930, testate. The record is a little hazy as to the contents of his will, but, as we gather it, he gave a life estate to his wife in the real estate involved herein, with remainder over to his son Clifford Spencer Powell, and also gave to his wife outright the personal property of his estate.

On the 10th day of September, 1930, Clifford Spencer Powell and his mother entered into a written contract, the material part of which is as follows:

"Whereas, under the Last Will and Testament of Cornelius Powell, deceased, the first party (Elizabeth Powell) is given a life estate in the following described real estate in Grinnell, Iowa, to-wit: (describing two certain lots), and the remainder estate therein is given to the second party herein (Clifford Spencer Powell); and

"Whereas, the parties hereto have agreed as hereinafter set forth:

"Now, therefore: In consideration of the conveyance to first party at this time by second party and his wife of all his interest in and to said premises, the first party does hereby agree to execute at this time a Will, giving to the second party at her death all of the property then owned by her, whether real, personal or mixed."

On the same date, and as a part of the same transaction, Elizabeth Powell duly executed her will, which recites:

"* * * and by way of the fulfillment of a certain contract entered into this day with one Clifford Spencer Powell, do hereby make, publish and declare the following to be my Last Will and Testament.

"Item 1. (Provides for the payment of debts, funeral expenses, etc.)

"Item 2. Subject to Item 1 hereof, I give, devise and bequeath all of the property which I may own at the time of my death, whether real, personal or mixed, unto my son Clifford Spencer Powell, now of Deer Lodge, Montana."

The deed provided for in the contract, to be made by Clif-

ford Spencer Powell and wife, was duly executed and delivered to Elizabeth Powell.

Clifford Spencer Powell, the son, died on October 31, 1932. His wife, Helen Powell, survived him, and he also left surviving him two children who were minors. His widow and the guardian of said minors are appellees herein.

On September 4, 1934, Elizabeth Powell executed and delivered to one Corrine Elizabeth McBlain a deed for the lots in controversy, reserving to the grantor for and during the term of her natural life the income and use of said premises. On the same date Elizabeth Powell duly made and executed a will, the first paragraph of which provides for the payment of debts, funeral expenses, etc. The second paragraph bequeaths $1,000 in trust to Corrine Elizabeth McBlain, "to be invested, and the income therefrom to be used for the purpose of providing flowers to be placed on the graves on the Powell Lot in Hazelwood Cemetery, Grinnell, Iowa." Item 3 provides for a family monument. Item 4 reads as follows:

"In view of the fact that my niece Corrine Elizabeth McBlain has rendered much and valuable service to me, and has contributed to my aid, care and comfort, and has given much of her time in said respects, and in view of the fact that I have expected to compensate her, and have in part compensated her, by the conveyance of property, but not entirely, I hereby give and bequeath unto the said Corrine Elizabeth McBlain, by way of further compensation for her services to me, the principal and all accrued interest thereon at my death of a certain mortgage which I now own and hold, and executed by Mary E. Buchenau and husband, Lewis P. Buchenau, the said mortgage being in the principal sum of $6,500, and secured by (a described quarter section of land); and if said mortgage shall have been satisfied and released by me in my lifetime, then I give and bequeath unto the said Corrine Elizabeth McBlain in cash a sum equal to the principal of said mortgage as aforesaid.

"Item 5. All of the rest, residue and remainder of my estate and of the property which I may own at the time of my death, (after the provisions of Items 1, 2, 3 and 4 hereof have been cared for) I give and devise unto my two grandchildren, to-wit: Clifford Spencer Powell and Lawrence James Powell, share and share alike."

The prayer of the petition is for a decree establishing and confirming the contract entered into by Elizabeth Powell and Clifford Spencer Powell on the 10th day of September, 1930, and for specific performance thereof by the executor of the estate of Elizabeth Powell, deceased; and that the plaintiff Helen Powell and her two minor children be each decreed to be the owner of an undivided one-third interest in all of the real estate and personal property described in the petition, and all the property of every kind and nature owned by said Elizabeth Powell at the time of her death, and that deeds be executed by the executor of her estate; and that the executor be ordered to forthwith assign said notes and mortgages to Helen Powell individually and as guardian of said minors; that the deed made by Elizabeth Powell on the 4th of September, 1934, conveying the town lots to Corrine Elizabeth McBlain be cancelled and set aside, and that the title of the plaintiffs be established, confirmed, and quieted against all claims of the defendant Corrine Elizabeth McBlain, and all persons claiming by, through, or under her; and for equitable relief.

Such other material facts as are necessary to a full consideration of the case will be referred to as this opinion progresses.

The court held against the defendant. Hence this appeal.

**▋▋▋** It is a fundamental principle, under our decisions, that where a contract is made with a proper consideration, by which the promisor agrees to will property to the promisee, and, in accordance therewith, the contract is carried out by the promisor's making a will in accordance with the terms of the contract, such will is irrevocable. Stewart v. Todd, 190 Iowa 283, 173 N. W. 619, 180 N. W. 146, 20 A. L. R. 1272; Campbell v. Dunkelberger, 172 Iowa 385, 153 N. W. 56; Baker v. Syfritt, 147 Iowa 49, 125 N. W. 998; Kisor v. Litzenberg, 203 Iowa 1183, 212 N. W. 343. With this fundamental doctrine the appellant does not seriously contend, but seeks to avoid the effect of this general rule by claiming that there was no adequate consideration for this contract.

We have many times dealt with this question of consideration, the last time in Clayman v. Bibler, 210 Iowa 497, 231 N. W. 334, 336. We there said (loc. cit. 501):

"Mutual promises which operate to the advantage of one or to the detriment of the other constitute a good consideration for

a contract." In the same case (loc. cit. 500) we said: "Unless, therefore, the consideration is clearly and definitely expressed in the contract, as contended by appellant, the writing itself imports a consideration, and, in addition thereto, there are the mutual promises of the parties to forbear, forego, or relinquish a certain share or portion of their interest in the estate for the benefit of interveners. The rule that, where the consideration expressed in the contract is in itself a promise, and therefore contractual, it cannot generally be varied by parol, is of practically universal application."

In Manchester v. Loomis, 191 Iowa 554, 181 N. W. 415, 418, we had under consideration an agreement of somewhat similar nature to the one before us. We there said (loc. cit. 560):

"Was there a consideration?

"The instrument purports to be a contract. It is so denominated at its head. It is signed by all the parties thereto. The plaintiff starts, therefore, with a manifest advantage on that question:

"(1) Because the writing imports a consideration. Code Section 3069.

"(2) Because it recites a consideration, and states the source out of which such consideration flows.

"The burden is clearly upon the defendant to show affirmatively an absence of consideration. And this means that there is no burden upon the plaintiff to prove that the consideration was in this form or in that form. Her co-contracting parties are dead." (In the case at bar both parties to the contract are dead.) "The *fact* of consideration is all that is material to her, and she may stand upon the legal presumption arising out of the recitals of a written contract, even though she be unable to specify by competent oral evidence just what the specific consideration was. The burden cast upon the defendant to show want of consideration is not met by a showing that no consideration passed at the time the instrument was signed. With due reference to the recitals of the instrument, the defendant must negative, not only some particular form of consideration, but every reasonable hypothesis out of which a consideration for this contract might fairly be deemed probable, or perhaps possible."

Under these rules we can reach no other conclusion than

that the contention of the appellant that there was no consideration for the contract made between Elizabeth Powell and her son is not tenable. It is our conclusion, therefore, that when the original contract was made between Elizabeth and her son, and, as a part of the same transaction, the son made the deed to his mother, as heretofore stated, and the mother made the will carrying out the terms of the contract, the will thus made was irrevocable.

It is to be remembered at this point that we are dealing with an executed contract. That is to say, the promisee made and delivered the deed, and the promisor duly made and executed the will, all as provided in the contract; and we are here holding that the will thus made is irrevocable. This being the situation, the court will give no attention to the adequacy of the consideration. Kisor v. Litzenberg, 203 Iowa 1183, 212 N. W. 343.

It is next insisted that the appellees herein, to wit, the wife individually and the wife as guardian of the two minor heirs of Clifford Spencer Powell, are not entitled to maintain this action, because, under the terms of the contract, the rights of Clifford Spencer Powell (the father) were personal to him and, being such, his death released the promisor.

The rule is stated in 68 Corpus Juris, p. 585, sec. 201, as follows:

"* * * unless there are obligations still to be performed by the beneficiary and which can only be performed by him personally, his death prior to that of the promisor does not, it has been held, authorize a revocation or discharge the promisor from his obligation."

The cases there cited sustain this text.

On this proposition the appellant relies on the case of Pershall v. Elliott, 249 N. Y. 183, 163 N. E. 554, 556. An analysis of that case does not, to our minds, sustain the contention made for it. The case is turned on a New York statute quoted in the opinion, and is determined under the statute of frauds and on the doctrine of past consideration, and the further proposition that the claimant "did not alter her position to her disadvantage in any justifiable reliance on the terms of the will." While there is a sentence in that opinion which says that the promise was personal to the beneficiary and did not survive to the plaintiff

(the wife of the beneficiary) on the death of the benficiary, a reading of the case shows that the case was ruled, not on this statement, but on the general questions above referred to.

We hold, therefore, that the appellees had a right to maintain this action.

■■■ It is, however, insisted that the estate of Clifford Spencer Powell has never been administered and that until that is done the appellees have no such right as would entitle them to maintain this action. So far as the record shows, Clifford Spencer Powell died in October 1932. There is nothing to show that administration was taken out on his estate. In so far as the real estate in controversy is concerned, under the law of this state the title immediately passed to his surviving spouse and heirs, subject, of course, to recall when it is necessary to use the same for payment of debts of the estate. It is true that the title to personal property does not pass directly to the heirs, but passes to the administrator for his administration thereon before it is distributed. So long as administration is not taken out, however, as to such personal property we feel that the heirs have such interest in such personal property as would warrant them in maintaining an action for its recovery or protection. Of course, the heirs have such interest in the real estate as that they could maintain this action.

We therefore conclude that the contention made by the appellant that the appellees are not proper parties is not in accordance with the law. The fact that the respective rights of the parties herein involved are adjudicated in this property, would not, of course, be binding on other parties who are not connected with this case, nor would it adjudicate the rights of the administrator were one appointed.

Appellant concedes that under section 11861 of the Code of Iowa, the heirs' of Clifford Spencer Powell might. claim the benefits devised to him, but claims that said section is of no avail because the will of September 4, 1934, operates to revoke the will of September 10, 1930. We have already decided that the last-named will is irrevocable.

■■■ At this point it is wise to survey the contract and deed of September 10, 1930. It will be noted by the terms of this contract that the mother agrees to ''execute at this time a Will giving to the second party (the son) at her death *all of the property then owned by her,* whether real, personal or mixed.''

In pursuance of the terms of this contract she made a will in which she says: "I give, devise and bequeath *all of the property which I may own at the time of my death,* whether real, personal or mixed, unto my son Clifford Spencer Powell."

It is to be noted that under the terms of this contract and will there is no reference whatever made to the property that Elizabeth Powell owned on the said 10th of September, 1930, nor any reference made to the property which she might acquire thereafter. Under the wording of the contract she only agreed to will to the son all of the property owned by her at the time of her death, whether real, personal, or mixed. This contract and will, under their wording, need no construction. There is a plain and concise statement of the property which she is dealing with in the contract and which she willed to the son. She is bound to perform her contract as it was written. Both the contract and the will, however, are limited to the property that she owned at the time of her death. The original deed made by the son to the mother made her the fee simple owner of the town real estate. Under the wording of the contract, and up to the time of her death, there was no limitation or restriction on her as to said town real estate, and she could sell or dispose of the same as she saw fit. She having deeded this property to Corrine Elizabeth McBlain prior to the time of her death, Corrine Elizabeth Mc-Blain, under the deed took a fee simple title to the same, and neither the contract of September 10, 1930, nor the will which was made by Elizabeth Powell on the same date, could have any effect upon the title taken by Corrine Elizabeth McBlain.

The contract in this respect differs from any of the contracts previously considered by this court.

The general rule is stated in 68 Corpus Juris, p. 586, sec. 204, as follows:

"Where the contract covers only what property the promisor may leave at his death or a fraction or proportion thereof, the promisor remains free to use, control, and dispose of property in his lifetime and transfers or conveyances by him before his death are valid unless made with intent to defraud, even though no consideration therefor is given."

It therefore must follow that the attack made herein on the deed made by Elizabeth to Corrine Elizabeth McBlain cannot be sustained.

Question is also raised in relation to a promissory note made by Glen Smith and his wife. The history of this note seems to be that in 1934 Smith and his wife borrowed some money from Elizabeth Powell and gave her a promissory note therefor. Later this note was taken up and a new note for $815 was executed by the Smiths. Under Elizabeth Powell's instructions this note was made payable to Corrine Elizabeth McBlain. The record is rather hazy as to whether or not this note was given to Corrine in payment for alleged services, but whatever the real facts were in connection with it, there is nothing to show that Elizabeth was the owner of this note at the time of her death.

Also reference is made to a $6,500 mortgage and note which are referred to in the last will of Elizabeth Powell. We conclude from the record that Elizabeth Powell was the owner of this $6,500 mortgage and note at the time of her death. With reference to these two items, it follows, therefore, that the appellees have no interest whatever in the Smith note of $815, because Elizabeth was not the owner of the same at the time of her death. As to the $6,500 mortgage and note she was the owner of the same at the time of her death, and therefore the same will be considered as falling within and being controlled by the terms of the alleged contract.

Some question is raised about the mental capacity of Elizabeth Powell at the time the deed was made by her to Corrine Elizabeth McBlain for the town property. The attempt to establish this claim of mental incapacity finds no support in the record.

The motion to strike appellees' amended abstract is overruled.—Reversed.

PARSONS, C. J., and DONEGAN, KINTZINGER, HAMILTON, and RICHARDS, JJ., concur.