**SALVONI v. PILSON.**

**Law No. 83691.**

United States District Court
District of Columbia.

Jan. 12, 1949.

Matthias Mahorner, Jr., of Washington, D. C., for plaintiff.

Edward Stafford, of Washington, D. C., for defendant.

MORRIS, District Judge.

On September 22, 1948, the plaintiff filed a motion in this cause to revive and extend the life of the judgment entered herein on the 12th day of October 1934 in favor of the plaintiff and against the defendant for the sum of $9,150, with interest from October 12, 1934. Following the entry of the judgment an appeal by the defendant to the United States Court of Appeals for the District of Columbia resulted in a mandate affirming the judgment on July 29, 1935, 65 App.D.C. 55, 79 F.2d 411. It is conceded that, if the statute of limitations has not been tolled, the judgment expired July 29, 1947, in which event the motion to revive is too late.

The plaintiff insists, however, that, because she has been out of the United States and a resident of Italy since August 1937, and is now a resident of Italy, the statute was tolled because of the declaration of war between the United States and Italy on December 11, 1941, until September 15, 1947, the effective date of the Treaty of Peace between the United States and Italy. She insists that, by the terms of the Trading with the Enemy Act, 50 U.S.C.A.Appendix, § 1 et seq., although she was a citizen of the United States, her residence within the territory of a nation with which the United States was at war, precluded her from prosecuting this action during the period of such state of war, and, therefore, tolled the statute of limitations and extended the time within which a motion to revive the judg-

ment may be made. The difficulty with the plaintiff's contention is that it is diametrically opposed to the position taken in her behalf when the defendant on March 30, 1943, objected to the plaintiff's motion for oral examination of the Dupont Iron Works, Inc., garnishee, against whom it was sought to discover assets answerable to the judgment now sought to be extended. There the defendant insisted that the plaintiff was then residing in the Kingdom of Italy and under control of an alien enemy country with which country a state of war existed between the United States. It was further contended by the defendant that the motion was filed without authority of the plaintiff, and did not represent her action, as postal communications between Italy and its residents with the United States was not maintained. Notwithstanding these contentions of the defendant, the plaintiff prevailed upon this Court, through the late Chief Justice Eicher, to grant the motion of the plaintiff, who thereupon filed a traverse of the answer of the garnishee, upon order of the Court furnished security for costs, and demanded a trial by jury, which was in due course had, Judge Letts presiding, and which resulted in a verdict for the defendant and the garnishee. It is to be noted that the Alien Property Custodian entered appearance for the purpose of protecting any interests with which he was charged with responsibility.

There can be no doubt that both a factual and a legal question were raised in this cause as to the right of the plaintiff to proceed to enforce her judgment. Nor can there be any doubt that such questions were determined by the Court in these proceedings, and that such determination was favorable to the right of the plaintiff to proceed notwithstanding her residence in a country which was at war with the United States. The Trading with the Enemy Act does not by its terms preclude the action which the plaintiff then took, and the decision of the Court at her instance was that the common law did not preclude her in the circumstances of this case. No appeal was taken, and under the law of the case as so fixed and determined, there was no obstacle to her seeking to extend the life of the judgment within the twelve-year period of limitations fixed by the statute. To say now that she was precluded from taking action in this case because of her residence in Italy during the period of a state of war is to say that her protracted actions above referred to, in seeking to enforce the judgment in her favor, was trifling with the Court. It taxes credulity beyond a permissive point to suppose that, had her enforcement proceedings resulted in full or partial satisfaction of the judgment, she would now be insisting that the Court had no jurisdiction to entertain those proceedings. In any event, I feel that I am bound by the decision which settles the law of this case. It is not necessary here to determine that there are no circumstances under which the determination of the law of this case, as heretofore made, would not now be binding upon the plaintiff. It suffices here to say that no showing has been made which would relieve the plaintiff from the effect of such determination made at her instance.

The motion to revive and extend the life of the judgment will be denied.