16945

J. C. HARMON, Appellant v. HOPE HYATT AUGHTRY, Respondent

(85 S. E. (2d) 284)

*Messrs. Samuel R. Preston* and *F. Ehrlich Thomson,* of Columbia, *for Appellant,*

*Messrs. Seigler & Seigler,* of Columbia, *for Respondent,*

January 3, 1955.

OXNER, Justice.

This is an appeal from an order sustaining a demurrer upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

It is alleged in the amended complaint that in August, 1947, defendant, in consideration of a loan by plaintiff of $6,000.00 for the purpose of paying an existing mortgage on certain property owned by defendant in the City of Columbia, agreed to execute a will bequeathing to plaintiff's wife the sum of $6,000.00, and further providing that in

the event she predeceased him, said amount would be paid to the plaintiff. It is further alleged that defendant has failed to execute a will in accordance with said contract, thereby entitling the plaintiff to rescind said contract and sue for the amount advanced to defendant.

Judgment is asked for $6,000.00 and that plaintiff be given an equitable lien upon the premises in said amount.

The first complaint, which contained similar allegations, was served on September 21, 1953. Defendant, construing same as containing several causes of action, gave notice of a motion requiring plaintiff to elect upon which he would rely. Plaintiff voluntarily elected to proceed upon a cause of action for damages for breach of a contract to make a will. Defendant thereupon demurred to the complaint upon the ground that it failed to state facts sufficient to constitute a cause of action. Upon hearing the demurrer, the Court concluded that the action was prematurely brought and sustained the demurrer, with leave to plaintiff to amend his complaint. The amended complaint now before us was served in December, 1953. The defendant gave notice of a motion to dismiss same upon the ground that it purported to state a cause of action "for rescission of a contract and restitution", which was inconsistent with that upon which the plaintiff had elected to proceed. The defendant also demurred to the amended complaint upon the ground that it stated no cause of action. Upon hearing the demurrer and the motion to dismiss the amended complaint, the Court sustained the demurrer and dismissed the case upon the ground that the action was prematurely brought in that (1) defendant would be relieved of her obligation in the event plaintiff should predecease her, and (2) that the suit was begun before the time for performance by defendant had arrived. The Court found it unnecessary to pass upon defendant's motion to dismiss the amended complaint because of the previous election made by the plaintiff. However, this question of election of remedies is presented on this appeal by defendant's sustaining ground.

We think the Court correctly sustained the demurrer upon the ground that the contract alleged in the complaint could be performed at any time during defendant's lifetime and there being no allegation that defendant by her declaration or conduct has repudiated the contract, the plaintiff is not entitled to treat it as rescinded and maintain the instant action to recover the consideration of $6,000.00.

Since no breach of a contract of this kind can be assured as long as the promisor lives, ordinarily no cause of action accrues until his death. A will in accordance with the contractual obligation may be made at any time during the life of the promisor. Page on Wills, Lifetime Edition, Volume 4, Section 1726; 57 Am. Jur., Wills, Section 181; 68 C. J., Wills, Sections 193 and 217; Ex parte Hineline, 166 S. C. 352, 164 S. E. 887. However, as shown by these authorities, if in his lifetime the promisor repudiates the agreement, or puts it out of his power to perform, as by a conveyance of the property involved to a third person, such conduct may be treated as an anticipatory breach and an action for appropriate relief may be immediately maintained by the promisee against the promisor. An extended annotation on the remedies available to the promisee under these circumstances will be found in 7 A. L. R. (2d) beginning on page 1166. In all the cases therein reviewed, there was evidence either that the promisor had renounced the contract during his lifetime or had made performance on his part impracticable.

There is no allegation in the complaint before us that the defendant agreed to forthwith make a will in fulfillment of the contract or to do so within any particular time. She, therefore, could discharge her obligation by making a will containing the agreed bequest at any time before her death. Neither is there any allegation that the defendant has disavowed the contract, or that she has conveyed the property to another. All that is alleged in the complaint is "that plaintiff is informed and believes that the defendant has failed

to comply with the contract above set out by making a will as provided by said contract." This is far from alleging a repudiation of the contract.

It is argued that no time having been fixed by the contract for the making of the will, the law will imply an agreement to do so within a reasonable time, and that the defendant having failed for more than six years to make the requisite will, it necessarily follows that she has breached her obligation, entitling the plaintiff to rescind. No case has been cited, and we have found none, supporting the contention that an obligation of this kind must be discharged within a reasonable time after the making of the contract where the parties have not seen fit to fix any particular time for performance.

The cases relied on by plaintiff are readily distinguishable. In *White v. McKnight,* 146 S. C. 59, 143 S. E. 552, 59 A. L. R. 1297; *Id.,* 155 S. C. 370, 152 S. E. 512 (second appeal), it was shown that the promisor during his lifetime repudiated the contract to devise certain property by conveying same to a third party. Under these circumstances, the Court sustained an action by the promisee after the death of the promisor for the recovery of the value of services rendered and money expended by the promisee in reliance of the contract to devise to him certain property. Likewise, in *Parker v. King,* 68 Ga. App. 672, 23 S. E. (2d) 575, it was also shown that the promisor had repudiated the contract.

As heretofore stated, the Court below also sustained the demurrer upon the ground that the defendant would be relieved of her obligation in the event the plaintiff predeceased her. Although not alleged in the amended complaint, it was evidently assumed, as was alleged in the first complaint, that plaintiff's wife, who was a daughter of defendant, died before the commencement of this action. In view of our conclusion that the complaint does not show any breach or repudiation of the contract, we need not pass upon the question of whether the defendant would be discharged of her

obligation in the event plaintiff predeceased her. We may add, however, that there are authorities holding that such fact does not relieve the promisor of his obligation. *Powell v. McBlain,* 222 Iowa 799, 269 N. W. 883; Page on Wills, Lifetime Edition, Volume 4, Section 1731; 68 C. J., Wills, Section 201. *Cf. Prater v. Prater,* 94 S. C. 267, 77 S. E. 936.

Nor are we required to pass upon the question of election of remedies raised by defendant's sustaining ground.

Complaint is also made of the order settling the case for appeal which directed the printing of the original complaint, the demurrer thereto, the order sustaining same, and the notice to dismiss the amended complaint. We think these matters were properly incorporated in the record.

Affirmed.

BAKER, C. J., and STUKES, TAYLOR and LEGGE, JJ., concur.