Leda P. HARRISON et al., Appellants,

v.

David S. HARRISON, Appellee.

No. 13799.

United States Court of Appeals
District of Columbia Circuit.

Argued June 12, 1957.

Decided Sept. 12, 1957.

Mr. Edward J. Skeens, Washington, D. C., for appellants.

Mr. Richard H. Love, Washington, D. C., for appellee.

Before PRETTYMAN, WASHINGTON, and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

Leda P. Harrison, hereinafter referred to as appellant, on September 29, 1954, obtained a final decree of absolute divorce in an action filed by her in Nevada in which appellee had entered a general appearance. On October 25, 1954, the parties entered into an agreement providing that in consideration of the payment to the appellant of the sum of $5,000, (1) appellee was discharged from all claims arising out of and during the marital relationship "with the exception of his obligation to support the children of the marriage," (2) appellant released all present and future claims to property of the appellee, and (3) finally appellant released the appellee of all claims for alimony or support for herself, "past, present or future." Appellee thereafter commenced and has regularly continued payment of the sum of $150 per month for the support of

three minor children. Notwithstanding, appellant on May 8, 1956, filed a complaint in the District Court seeking for herself separate maintenance, and, in her status as next friend of the minor children, "adequate" support for them and "adequate" provision for their education. The District Court dismissed her complaint, and this appeal followed.

The parties were married in 1946, and have three minor children, who reside with their mother in the District of Columbia. This action was here commenced by personal service upon the appellee. The complaint recites the Nevada divorce, that the appellee appeared and filed an answer in the Nevada courts and that appellee's attorney appeared in the action voluntarily "upon the condition that the wife refrain from requesting alimony, custody of and support for their minor children." It is further alleged, and by answer admitted, that no property rights of the parties had been adjudicated or otherwise settled by the Nevada courts. The appellant did not here attack the validity of the decree nor did she do so in Nevada. The appellee's answer alleged that on two occasions preceding the Nevada divorce appellant had instituted "matrimonial" actions both in the District of Columbia and in New Jersey without attempting service of process on the husband.

Appellee filed a motion for summary judgment asserting that there was no genuine issue of material fact, in that the complaint showed that the former wife had procured the Nevada divorce and therefore was not entitled to maintenance. Appellee asserted further that appellant had no property rights against appellee and no rights to maintenance because for a valuable consideration she had released all such rights by her written agreement of October 25, 1954. Finally, appellee asserted that he had adequately and regularly supported his children, and that appellant has the "actual and undisturbed custody of the children." Appellee's attached affidavit narrated in detail the stormy wedded history of the parties, and, *inter alia*, his income, expenses and the state of his indebtedness, and details as to the financial situation of the appellant. Annexed to his affidavit was a copy of the agreement settling and adjusting "financial matters of every nature." Expressly reserved from the settlement agreement was appellee's recognized "obligation to support the children of the marriage." Appellant filed an "opposition" to the appellee's motion for summary judgment but nowhere controverted appellee's allegations, and no issue of fact was raised. After consideration of the papers and after the argument of counsel, the District Court ordered that appellee's motion for summary judgment be treated as a motion to dismiss which was granted with the notation: "Suit for maintenance for children can be filed in Municipal Court if desired. Children at present are being supported by husband (defendant)."

Appellant argues to us that Schneider v. Schneider [1] compels judgment in her favor. In that case, the divorced wife sought, not maintenance for herself, but support for a son of the parties and reimbursement for expenditures made by her at the suggestion of the father on account of the child. The divorce had been procured following a collusive written agreement. The District Court's order of summary judgment having denied all relief, we reversed after defining the question to be: "[W]hether a father, by instigating and abetting a collusive divorce decree in a foreign jurisdiction, can escape the obligation for adequate support of his son imposed on him by the law of his domicile. The mere statement of the question gives us the answer." [2] We pointed out that even the father's voluntary appearance in the Nevada court did not give that court jurisdiction to determine his obligation for support because neither the father nor the son had a Nevada domicile. Thus, the duty imposed on the father

1. 1944, 78 U.S.App.D.C. 383, 141 F.2d 542.

2. Id., 78 U.S.App.D.C. at page 384, 141 F.2d at page 543.

by the law of the District of Columbia to provide adequate support for the minor child was said to continue despite the Nevada decree. In the instant case, there is no allegation of collusion. The children of these parties were and are domiciled in the District of Columbia and neither they nor their rights to support were before the courts in Nevada.

■ Appellant's present action was brought under D.C.Code, § 16–415 (1951), questions arising under which have been before this court in many cases, particularly with reference to the rights which may survive an *ex parte* divorce.[3] The Supreme Court has recently dealt with the general problem in a series of decisions.[4] The instant case, however, does not require us to do more than point out two things. First, the appellee here entered a general appearance in the Nevada divorce proceedings, and neither party attacks the validity of those proceedings.[5] Second, and more important, appellant entered into the post-judgment agreement by which upon the payment to her of the sum of $5,000, she surrendered all of her marital financial rights.

The appellee's affidavit, as we have noted, was unchallenged. The annexed agreement of release was not attacked. "If in this state of the record, appellant had desired to challenge the verity of the orders, he might have served and filed opposing affidavits under the express terms of Rule 56(c)."[6] In the present posture, we cannot say—contrary to the record so far made—that appellant's claim for separate maintenance was not released by her in the mentioned agreement or that the agreement lacked a valid and substantial consideration. Since appellant presented no genuine issue of material fact, summary judgment as to her money claim was entirely appropriate, and appellee was entitled to judgment as a matter of law. We think it would have been the better practice for the District Judge on this record not to have dismissed the entire action, but rather to have granted judgment for the appellee as to appellant's claim for maintenance. Our order will direct that result.

■ The Nevada judgment, however effective in other respects, failed to extinguish the rights of the children to continued support. While the appellee's affidavit has presented a substantial and apparently adequate showing that appellee has been affording to the children the full measure of support to which they are entitled, we cannot know that this is so.[7] Their rights persist and the jurisdiction of the District Court properly has been invoked in their behalf. That jurisdiction continues, just as does the duty imposed upon the father to provide adequate support for the children. We see no proper basis upon which the action brought in their behalf should have been dismissed. Now that the appellee, their father, is a resident of Cali-

**3.** Hopson v. Hopson, 1955, 95 U.S.App. D.C. 285, 221 F.2d 839; Meredith v. Meredith, 1955, 96 U.S.App.D.C. 355, 226 F.2d 257, and cases cited.

**4.** Vanderbilt v. Vanderbilt, 1957, 354 U.S. 416, 77 S.Ct. 1360, 1 L.Ed.2d 1456; Armstrong v. Armstrong, 1956, 350 U.S. 568, 76 S.Ct. 629, 100 L.Ed. 705; May v. Anderson, 1953, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221; Rice v. Rice, 1949, 336 U.S. 674, 69 S.Ct. 751, 93 L.Ed. 957; Estin v. Estin, 1948, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561.

**5.** Cf. Sherrer v. Sherrer, 1948, 334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429; Coe v. Coe, 1948, 334 U.S. 378, 68 S.Ct. 1094, 92 L.Ed. 1451; Davis v. Davis, 1938, 305 U.S. 32, 42, 43, 59 S.Ct. 3, 83 L.Ed. 26.

**6.** Fletcher v. Krise, 1941, 73 App.D.C. 266, 269, 120 F.2d 809, 812.

**7.** Appellee's answer stated that he had "continuously and regularly without fail paid * * * an adequate and reasonable sum consistent with the financial condition of the parties for the support of the minor children and will continue to do so." But the District Court dismissed their action without receiving further information as to the financial status of the parties or as to the adequacy of the support now being provided beyond what is implicit in the notation "Children at present are being supported by husband (defendant)."

fornia, it would ill serve the public policy of the District of Columbia to require the commencement of a new action in California, there to seek a remedy for the vindication of their rights created here, or to direct an attempt at service for the commencement of a new action in the Municipal Court.

The order of the District Court is reversed, and the case is remanded with directions that judgment be entered for the appellee so far as appellant's claim for maintenance is concerned and that the case be reinstated for a determination as to whether or not the support now provided for the children is "adequate" within the requirements of our law.

Affirmed in part; reversed in part.