**Violet S. BLUMENTHAL, Appellant,**

v.

**Lester S. BLUMENTHAL, Appellee.**

No. 2427.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 10, 1959.

Decided Nov. 4, 1959.

Rehearing Denied Nov. 24, 1959.

Alexander Boskoff, Washington, D. C., for appellant.

Philip Goldstein, Washington, D. C., for appellee. George R. Jacobi, Washington, D. C., also entered an appearance for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

ROVER, Chief Judge.

The appellant wife appeals from an order of the trial court dismissing her complaint "for lack of jurisdiction over [its] subject matter."

In her complaint, it is alleged that shortly prior to their absolute divorce in Alabama, she and her husband entered into a written agreement (never incorporated in the divorce decree) wherein he agreed to pay

$300 a month for the support of their three children, now 16, 12 and 10; that this amount is now inadequate and that he has refused to increase it; she asked that it be increased to $600. It further alleged that he had failed to perform certain other covenants in the agreement, namely, to continue in force an insurance policy on his life for the benefit of herself and the children; to maintain an existing policy on her life for the benefit of the children; to pay the costs of sending the children to summer camp; to make necessary financial arrangements for the college education of the children; and to execute a will leaving one-third of his property to the children. She asked that the court increase the amount of support and compel him to perform the other covenants just mentioned.

The court granted the husband's motion to dismiss on the ground that while the complaint asked for increased support for the children (a power clearly granted by the Domestic Relations Act), "[I]t is clear that she solely is concerned with the modification and enforcement of the terms of a private agreement [between] herself and her former husband * * *"; and that "The equity powers granted by Congress under Title 11–763 [Supp. VII] [Code] are limited to those necessary to effectuate the purposes of the Act [Domestic Relations Act] as detailed in Title 11–762 [Supp. VII] [Code] but do not include *general* equity powers for other purposes. * * *" Citing our case of Hitchcock v. Thomason, D.C.Mun.App., 148 A.2d 458, 461.

The pertinent provisions of the Code sections mentioned by the court are set forth below.[1]

■ We recently said in construing these sections in Hitchcock: "But it must be remembered that the Domestic Relations Branch was created as a special branch of the court with *equity jurisdiction for specific purposes.* * * *" (Emphasis supplied.) The "specific purposes" are those set forth in 11–762 [Supp. VII]; it is a statutory court with specific, limited jurisdiction granted it by the statute that created it; nowhere do we find any power to modify or enforce the type of agreement involved in this proceeding; that power could only be exercised if the court had been granted general equity power; it is obvious that Congress granted it no such power. The trial court was correct when it dismissed the complaint insofar as it requested modification and enforcement of the provisions of the agreement.

■ We think it erred, however, when it did not grant a hearing on the wife's request for increased support for the children. While it is true that the support question as set forth in the complaint is bottomed on the agreement, the court under its express power (11–762, Supp. VII), irrespective of the support provisions of the agreement, could and should have taken evidence on the question of the adequacy of the amount being presently paid by the husband. It requires no citation of authority for the propositions that the father has a legal obligation to support his minor

1. 11–762 (Supp. VII). "The Domestic Relations Branch and each judge sitting therein shall have exclusive jurisdiction over all actions for divorce from the bond of marriage and legal separation from bed and board, including proceedings incidental to such actions for alimony, pendente lite and permanent, and for support and custody of minor children; applications for revocation of divorce from bed and board; civil actions to enforce support of minor children; civil actions to enforce support of wife; actions seeking custody of minor children; actions to declare marriages void; actions to declare marriages valid; actions for annulments of marriage; and proceedings in adoption."

11–763(a) (Supp. VII). "The Domestic Relations Branch is hereby vested with so much of the power as is now vested in the United States District Court for the District of Columbia, *whether in law or in equity, as is necessary to effectuate the purposes of this chapter* * * *." (Emphasis supplied.)

children; that neither parent, by agreement of their own, can oust the jurisdiction of the court to award a larger amount than agreed upon, and that the court, in arriving at its decision, will be governed by the present needs of the children and the father's ability to provide for them.

We accordingly reverse insofar as the proceeding involves a requested increase for the support of the children during their minority; we affirm the trial court's order in all other respects.

It is so ordered.

CAYTON, Acting Judge (concurring in part).

I agree that there must be a reversal, but I do not agree that the scope of the trial on the merits should be limited to the question of monthly support payments.

Under the majority decision plaintiff will be required to take part of her case to the United States District Court. But Congress has removed from that court the whole field of domestic relations jurisdiction and vested it in the new Domestic Relations Branch, without reservation. It specifically included "civil actions to enforce support of minor children." Code 1951, Sec. 11–762 (Supp. VII). It also spelled out the jurisdictional powers of the new court in broad and inclusive language:

"The Domestic Relations Branch is hereby vested with so much of the power as is now vested in the United States District Court for the District of Columbia, *whether in law or in equity*, as is necessary to effectuate the purposes of this chapter, including but not limited to, the power to issue restraining orders, injunctions, writs of habeas corpus, and ne exeat, and all other writs, orders, and decrees." (Emphasis supplied.) Code 1951, § 11–763 (Supp. VII).

As I read the Hitchcock decision, it held that the Domestic Relations Branch was right in refusing to assume jurisdiction of a money claim for payments due under a foreign decree or to award a money judgment on such a debt. It also held that the Branch had exclusive jurisdiction of actions seeking to enforce support of minors.

The right of minor children to support is a direct right vested in them by law and does not derive from their mother. Such right is not destroyed or diminished by a contract of the mother. An agreement between husband and wife is not binding on their children or on the courts, and the courts may award a larger amount for their support than is provided in such a contract. Singleton v. Singleton, 217 Ky. 38, 288 S. W. 1029; Chiarodit v. Chiarodit, 218 Cal. 147, 21 P.2d 562; Gloth v. Gloth, 154 Va. 511, 153 S.E. 879, 71 A.L.R. 700. Though the court may consider such an agreement in making its decision, it will always treat the needs and welfare of minor children as the paramount and controlling consideration. Boggs v. Boggs, 138 Md. 422, 114 A. 474. These holdings are in harmony with decisions in this jurisdiction. See Harrison v. Harrison, 101 U.S.App.D.C. 309, 248 F.2d 631; Rogers v. Rogers, 92 U.S.App.D.C. 97, 203 F.2d 61; Pilson v. Salvoni, 65 App.D.C. 55, 79 F.2d 411.

In Harrison v. Harrison, supra [101 U.S. App.D.C. 309, 248 F.2d 633], it was said that the right of the children persists and that it is for the courts to determine whether defendant father "has been affording to the children the full measure of support to which they are entitled." This question can hardly ever be decided on a motion to dismiss.

As was said in Schneider v. Schneider, 78 U.S.App.D.C. 383, 141 F.2d 542, the measure of the father's duty will be the present needs of the children and the ability of the father to provide for them. These matters include the insurance policies, cost of summer camp, and arrangements for college education. I would hold that children are not barred from presenting such claims. The Domestic Relations Act, broad

in its grant of jurisdiction, clearly empowers the Branch to entertain such claims, as fully as the District Court might have done. And if it needs to enforce its authority by "restraining orders, injunctions, * * and all other writs" it has the power to do so. See Code Sec. 11–763, quoted above in full.

The demand that the father make a will with certain specified bequests seems of dubious validity. But it has been held that when the promisor in his lifetime explicitly and unequivocably repudiates his promise such conduct may be treated as an immediate breach. Harmon v. Aughtry, 226 S. C. 371, 85 S.E.2d 284. And in this jurisdiction it was recognized many years ago that in some circumstances relief may be afforded on such a promise during the lifetime of the promisor. Cherry v. Whalen, 25 App.D.C. 537. Accordingly I would hold that this part of the claim cannot safely be adjudicated on a motion to dismiss.

I make a final observation. Several years ago, in construing the Municipal Court Act of 1942, it was held that jurisdiction over "civil actions" meant all actions, whether at law or in equity. Klepinger v. Rhodes, 78 U.S.App.D.C. 340, 140 F.2d 697; Rowe v. Nolan Finance Co., 79 U.S.App.D.C. 35, 142 F.2d 93. In those two cases equitable powers grew out of the words "civil actions." In the situation before us there is much broader language and the intent to create equity powers is unmistakable.