Brian LE BERT–FRANCIS, Appellant,

v.

Madeleine Poli LE BERT–FRANCIS, Appellee.

No. 2833.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 16, 1961.

Decided Dec. 7, 1961.

2. Brown v. Capital Transit Co., 75 U.S. App.D.C. 337, 127 F.2d 329 (1942).

James T. Barbour, Jr., Washington, D. C., for appellant.

Robert H. Reiter, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and SMITH, Chief Judge of The Municipal Court for the District of Columbia, sitting by designation.

HOOD, Associate Judge.

Appellant brought an action for divorce on the ground of five years' voluntary separation. In paragraph 5 of his complaint he alleged that he and his wife had separated on or about May 30, 1954, and had lived voluntarily separate and apart without cohabitation since that time. In paragraph 6 he alleged that the property rights of the parties and the right of the wife to maintenance and support had been settled by an agreement dated October 3, 1956, copy of which was attached to the complaint.

In her answer the wife admitted the allegations of paragraphs 1, 2, 3 and 4, but denied the allegations of paragraphs 5 and 6. We do not approve this type of pleading. The denial of paragraph 5 left in doubt whether the wife was denying the existence of the separation or the nature of the separation, and the denial of paragraph 6 left in doubt whether she was denying the existence of the agreement or the effect of it. The denial should have been specific and not general.

The wife accompanied her answer with a motion for alimony pendente lite. When this motion came on for hearing the wife's counsel stated that the issue was whether the separation agreement barred the granting of maintenance pendente lite.

Early in the course of the wife's testimony her counsel made a remark to the court concerning the validity of "a separation agreement in this kind of situation." To this remark the court replied: "There is no validity to any separation agreement in the District of Columbia." This apparently startled the wife's counsel, who said: "I beg your pardon?" To this the court replied: "I said there is no validity to any separation agreement in the District of Columbia according to the Municipal Court of Appeals."

When the husband's counsel was cross-examining the wife, he attempted to question her about the separation agreement, but the court interrupted and, referring to Grand v. Grand, D.C.Mun.App., 163 A.2d 556, said " * * * they [The Municipal Court of Appeals] decided that a separation agreement is not worth the paper it is written on." Counsel for the husband then stated: "If the agreement is not binding, then I have no defense." Thereafter the trial court entered an order requiring the husband to pay alimony pendente lite. From that order the husband has appealed.

The trial court totally misunderstood our holding in Grand v. Grand. In that case a husband and wife had entered into a separation agreement which provided, among other things, that the wife should have custody of two of their children and that the husband would pay her a monthly sum for the support of the children. In a subsequent divorce proceeding the court approved the custody and support provision and incorporated it in the decree. Relying upon the authority of Rogers v. Rogers, 92 U.S.App. D.C. 97, 203 F.2d 61, we held that the amount of support, incorporated in the decree though based on the agreement, was subject to modification on a showing of changed conditions. We did not hold that a separation agreement has no validity.

There are separation agreements "of unimpeachable validity." [1] In the absence of

1. Landa v. Astin, 90 U.S.App.D.C. 86, 89, 193 F.2d 369, 372.

fraud, duress or concealment, a husband and wife may enter into a valid separation agreement; and such agreement, fairly and voluntarily made, if intended as a complete and final settlement of all property rights and claims between the parties, is binding and is a bar to any further claim by the wife.[2]

The effect of the agreement in this case can only be determined after both parties are afforded an opportunity to present evidence as to the circumstances under which the agreement was made and "evidence which might reveal their intention." [3]

Appellee's motion for counsel fees is denied.

Reversed and remanded for further proceedings not inconsistent with this opinion.

---

2. Harrison v. Harrison, 101 U.S.App.D.C. 309, 248 F.2d 631.

3. Rogers v. Rogers, 92 U.S.App.D.C. 97, 100, 203 F.2d 61, 63, 64.