Ruby Acree CLEMENT, Appellant,

v.

Harry G. CLEMENT, Appellee.

No. 2860.

Municipal Court of Appeals for the District of Columbia.

Argued March 1, 1962.

Decided March 28, 1962.

Rehearing Denied April 30, 1962.

Alexander Boskoff, Washington, D. C., for appellant.

Jean M. Boardman, Washington, D. C., for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

7. Stride v. Martin, 184 Md. 446, 41 A.2d 489, 492 (1945).

CAYTON, Acting Judge.

Five years after husband and wife had executed a formal separation agreement this litigation was started. The husband filed suit for divorce on the ground of five-year voluntary separation. Code 1961, 16–403. The wife filed an answer admitting the separation, asking that she be awarded a divorce on that ground, and also demanding alimony. The husband pleaded that in the separation agreement the wife had waived and released all claims for future maintenance and support. In a responsive pleading the wife alleged, inter alia, that in signing the agreement she had not acted voluntarily but as a result of her husband's "duress and overreaching." Trial resulted in an award of divorce to the husband and a denial of wife's claim for alimony. She has brought this appeal.

There is no need to recite the respective contentions of the parties as to what happended between them in the earlier years of their marriage, which was unhappy from its beginning in 1950. We need only deal with the circumstances which led up to the separation agreement and the release of alimony claims, in April 1955. The parties had been occupying two apartments in a three-apartment building owned by the wife. After the husband had lost his position with the government, the wife suggested that they move into a single apartment as an economic measure, and this the husband declined to do. In late 1954 she asked the husband for a divorce and also asked him to leave the property. He refused to move and in fact stayed on until after the separation agreement was signed the following April 1955. The wife testified that she signed the separation agreement and release of alimony because the situation had become unbearable and because she felt there was no other way to get him out of the property. Her physician testified that during this period she was on the verge of a nervous breakdown; that if something wasn't done about it she would probably end up in an institution; and that he had so informed the husband.

On the other hand it was admitted that for three months or more the wife had been represented by an attorney[1] who negotiated directly with the husband, worked out the terms of settlement and drew up the final agreement which was signed by both parties. It was also admitted that the wife then expressed her complete satisfaction with the settlement. Under the agreement the husband paid, partly with borrowed money, $1,850 at time of the signing, and an additional $4,500 in later monthly installments.[2]

In a recent decision we held:

"In the absence of fraud, duress or concealment, a husband and wife may enter into a valid separation agreement, and such agreement, fairly and voluntarily made, if intended as a complete and final settlement of all property rights and claims between the parties, is binding and is a bar to any further claim by the wife."

Le Bert-Francis v. Le Bert-Francis, D.C. Mun.App., 175 A.2d 602, citing Harrison v. Harrison, 101 U.S.App.D.C. 309, 248 F.2d 631.

In the case before us there was no evidence of fraud or concealment; hence duress was the only possible ground for striking down the agreement. We cannot rule that duress was established as a matter of law. The discussions leading up to the agreement, the lengthy negotiations by the wife's lawyer, the preparation of the agreement by that lawyer, and other attendant circumstances, justified the finding below that the charge of duress or overreaching had not been proven, and that the wife had acted voluntarily in entering into the agreement. Nor is it of small signifi-

1. This attorney, who did not represent the wife at the trial, was not called as a witness.

2. The wife said a large part of this covered cash indebtedness of the husband.

cance that the husband performed by making all the payments due under the agreement, and that the wife accepted them and made no protest or complaint until five years later, after the husband had filed suit for divorce.

Appellant says the trial court erroneously ruled that the wife had the burden of proving coercion. The record does not reveal any such ruling. Appellant also argues that the trial court "erroneously acted on the premise that it lacked power to consider the fairness and reasonableness of the agreement. * * *" As we understand it, the trial court did not act on the general premise of lack of power, but on the more direct premise that there was lack of proof of coercion. As we have already said, there was evidence to support that conclusion, and the holding that the wife had voluntarily released her claim for alimony or support.

The evidence did not require a holding that the agreement was not "fairly and voluntarily made" or not "intended as a complete and final settlement of all property rights and claims between the parties * * *." See Le Bert-Francis v. Le Bert-Francis, supra.

We have considered other errors assigned and have decided they do not require discussion.

Affirmed.