Emma C. Walter, Appellee, v. Charles H. Walter, Appellant.

Gen. No. 19,934.

1. DIVORCE, § 105*—when approval of court necessary to binding effect of agreement as to permanent alimony. Before an agreement between husband and wife, after divorce, can become binding and conclusive, its fairness and equity must be made manifest to the court having jurisdiction, and its approval must appear of record.

2. DIVORCE, § 93*—nature of right to alimony. Alimony is not founded on contract express or implied, but arises out of the relation of marriage.

3. DIVORCE, § 118*—when alimony may be altered. In general, alimony may be altered at any time according to the circumstances of the parties.

4. DIVORCE, § 115*—how alimony is enforced. Alimony cannot ordinarily be enforced by an action at law, but only by application to the court which granted it and subject to the court's discretion.

5. DIVORCE, § 105*—when approval of alimony agreement within discretion of court. The approval of a contract fixing alimony between divorced husband and wife rests entirely in the discretion of the court upon a review of all the circumstances.

6. CONTRACTS, § 135*—laws which cannot be abrogated by private agreement. Laws providing for alimony, enacted from considerations of public concern and to subserve the general welfare, cannot be abrogated by mere private agreement.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

7. DIVORCE, § 145*—*when refusal of court to approve agreement as to alimony not an abuse of discretion.* Where, after divorce, the immediate parties entered into an agreement fixing permanent alimony, but failed to secure the approval of court to the agreement, it was *held* not to be an abuse of the discretion vested in the chancellor to disregard the agreement and to order the divorced husband to continue to contribute a reasonable amount to the support of the complainant.

Appeal from the Superior Court of Cook county; the Hon. MICHAEL L. MCKINLEY, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed October 13, 1914.

W. P. MACCRACKEN, JR., for appellant.

SAMUEL B. HILL, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an appeal from an order entered April 15, 1913, directing defendant to pay complainant five dollars a week as alimony until the further order of the court. The original decree of divorce, with an order allowing alimony, was entered August 16, 1905, and this order of April 15, 1913, was entered upon the petition of complainant filed March 17, 1913, setting forth the nonpayment of the alimony and her need. The prayer of the petition was resisted on the ground that by an agreement between the complainant and defendant the defendant was released from the payment of further alimony. A memorandum of this agreement was introduced in evidence, and although it is not signed by either of the parties, yet it may be considered as containing their agreement. It is as follows:

"This agreement made and entered into by and between Emma C. Walter and Charles H. Walter, both of the City of Chicago, County of Cook, and State of Illinois, witnesseth:

"FOR THAT WHEREAS, the said Emma C. Walter

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

having been granted a decree of divorce from said Charles H. Walter on August 16, A. D. 1905, in the Superior Court of Cook County, case numbered 246,217, as alimony, and Twenty-five Dollars ($25.00) as solicitor's fees, to be paid by Charles H. Walter, and which amount of alimony was subsequently by order of court reduced to Six Dollars ($6.00) per week, and for the purpose of adjusting the alimony and solicitor's fees now due and the alimony hereafter coming due, the said parties have agreed and by these presents do agree in consideration of the assignment made by Charles H. Walter of a certain Life Insurance Policy in the State Mutual Life Assurance Company of Worcester, Massachusetts, on the life of the said Charles H. Walter and for the further consideration that said Charles H. Walter agrees to pay the premiums on said Insurance Policy as the same may accrue, therefore the said Emma C. Walter has agreed and by these presents does agree to free, release and discharge the said Charles H. Walter from all money that is now due her for alimony and solicitor's fees by virtue of said decree herein and the order of the court thereafter made, and the said Emma C. Walter does further agree to release and by these presents does forever release, free and discharge said Charles H. Walter from all claims, demands for alimony or moneys that may from the date hereof and hereafter accrue to her and become due and owing her by virtue of said decree hereinbefore set forth, provided, however, that said Charles H. Walter will pay the premiums on said Insurance Policy in the manner as hereinbefore agreed to by him.

"IN TESTIMONY WHEREOF, the said parties have hereunto set their hands and seals this 28th day of November, A. D. 1905."

The policy mentioned in this agreement was delivered to complainant. When the next annual premium on the policy fell due the defendant did not pay the same, but wrote to the complainant saying that as he was "hard up" he would be unable to pay it. This was in violation of his agreement to keep the annual premiums paid up. Complainant thereupon

surrendered the policy to the insuring company for its cash surrender value, which, while more than the amount of alimony due at the time of the surrender, was only a small part of the amount in arrears at the time of filing her petition, estimated on the basis of the original order.

It does not appear that this agreement between the parties was ever brought to the attention of the court, but it seems to have been made without the knowledge or approval of the court, and there is no modification of the original order directing the payment of alimony. Is such a contract binding upon the complainant and on the court, so that the court may not on application grant whatever relief to complainant may seem equitable and just? We think it is not. We hold that before such an agreement can be binding and conclusive its fairness and equity must be made manifest to the court having jurisdiction, and that its approval must appear of record. In *Audubon v. Shufeldt*, 181 U. S. 575, the Court said: "Alimony does not arise from any business transaction, but from the relation of marriage. It is not founded on contract, express or implied, but on the natural and legal duty of the husband to support the wife. The general obligation to support is made specific by the decree of the court of appropriate jurisdiction. Generally speaking, alimony may be altered by that court at any time, as the circumstances of the parties may require. * * * Alimony cannot ordinarily be enforced by action at law, but only by application to the court which granted it, and subject to the discretion of that court. Permanent alimony is regarded rather as a portion of the husband's estate to which the wife is equitably entitled, than as strictly a debt; alimony from time to time may be regarded as a portion of his current income or earnings; and the considerations, which affect either, can be better weighed by the court having jurisdiction over the relation of husband and wife,

than by a court of a different jurisdiction." This was quoted with approval in *Welty v. Welty*, 195 Ill. 335 (340). To the same effect also is *Barclay v. Barclay*, 184 Ill. 375, while in *Silberschmidt v. Silberschmidt*, 112 Ill. App. 58, where a contract was involved substantially the same as the one before us, the court held, in effect, that the approval of such a contract rests entirely in the discretion of the court upon review of all the circumstances, and said that "the agreement executed by the parties, unsanctioned by the court, could not control the court * * * and that the court was as untrammeled in the premises as if said agreement had not been made." And in *Recht v. Kelly*, 82 Ill. 147, quoted with approval in *Zachmann v. Zachmann*, 201 Ill. 380, the general principle is stated to be that "laws enacted from considerations of public concern, and to subserve the general welfare, cannot be abrogated by mere private agreement."

It follows, therefore, that it is not sufficient for the immediate parties to agree as to alimony. The approval of the court must also be secured, and by failing to secure this approval the agreement in question was subject to the discretion of the court to be disregarded or not by it as it might see fit. We see no abuse of the discretion vested in the chancellor in his choosing to disregard the agreement. We are of the opinion that it was proper for the court to order that the defendant should continue to contribute to the support of the complainant, and as the amount allowed is reasonable the order will be affirmed.

*Affirmed.*