156 So.2d 147

**Kathleen Peppers MORGAN**

v.

**Charles William MORGAN.**

**8 Div. 135.**

Supreme Court of Alabama.

Aug. 29, 1963.

---

T. J. Carnes and Clark E. Johnson, Jr., Albertville, for appellant.

J. S. Stone, Guntersville, for appellee.

HARWOOD, Justice.

This record shows that on 5 February 1949, Kathleen Peppers Morgan was granted a decree of divorce from Charles William Morgan. Under said decree the custody of the two minor children of the marriage, a son and a daughter, was awarded to Kathleen Peppers Morgan, and a written agreement between the parties as to child support was ratified and approved. By virtue of this agreement the court decreed that Charles William Morgan, the respondent, was to pay the sum of $20.00 per month for the support, maintenance and education of each child until they reached 21 years of age. The support payments were to be made to the Register on the first day of each month. The decree itself awarded no visitation rights to the father, though the agreement did provide for visitation rights.

On 9 March 1963 the father, Charles William Morgan, filed his petition seeking to amend the original divorce decree by awarding to him the custody of the minor son. The petition alleges that his former wife has remarried and that the son who was 15 years of age at the time of the filing of the petition was residing with his mother and her husband James Stoner, Jr.

The petition further alleges that immediately after her marriage to James Stoner, Jr., his former wife notified the petitioner that he would not be permitted to see the minor children anymore, or visit them, as such visitation rights were not contained in the decree, and that as far as she (the mother) was concerned the petitioner did not need to support them as she had a good husband who could; the petitioner then feeling he was not welcome, ceased to make.

any further payments and ceased trying to see his children.

The evidence also shows that about a year before the hearing the daughter had married, and has been living with her husband since her marriage.

The petition further alleges that on or about 15 February 1963, the minor son voluntarily came to the home of the petitioner in Boaz, Alabama, and requested that he be allowed to move into the home of his father as he was badly treated by his mother and stepfather.

To this petition Kathleen Peppers Stoner filed her answer and cross bill, the pertinent parts of which alleged that since the granting of the divorce in 1949 with its provisions as to child support that Charles William Morgan has only paid for the support of his children a sum less than $100.00, and that he is in arrears under the terms of the decree in an amount of, to wit: $5,000.

The answer and cross bill further contained matters relative to the emotional condition of the minor son, and of activities of Charles William Morgan and his family in contributing to this condition. However, the court entered a separate decree relative to the custody of the minor son, and this aspect of the proceedings below is not involved in this appeal, but only that aspect of the decree denying the cross complainant's petition seeking to have the lower court ascertain the amount of support and maintenance in arrears and to render a judgment and decree therefor against Charles William Morgan.

In this aspect the court found from the evidence that:

"*  *  * no attempt has been made by the cross-complainant to enforce the payments of support for a period of 13 years, and from the testimony of the complainant and cross-respondent, that the cross-complainant had previously stated that no further support payments were necessary or wanted, and that the action, or lack of action on the part of cross-complainant indicates that cross-complainant in such manner abandoned her rights."

The court further found that:

"*  *  * the length of time in which cross-complainant has acquiesced in cross-respondent's failure to make the support payments leads the Court to the opinion that laches is imputed in this cause.

"It is apparent that the long delay was caused only by cross-complainant, and, in fact, the attempt to compel the payments was brought only by cross-bill and after the cross-respondent had filed a bill in this Court seeking custody of his minor son. It is the opinion of this Court that cross-complainant has, through neglect, acquiescence, and in view of the change of conditions, abandoned her rights as to child support, it is therefore, ORDERED, ADJUDGED AND DECREED that the relief prayed for in respondent and cross-complainant's cross-bill be and is hereby denied."

As to the asserted mutual agreement, Charles William Morgan testified that shortly after the marriage of his former wife, he met her on the street with her then husband and that his former wife told him not to attempt to see the children again and that he replied that if he was going to support them he wanted to see the children; that either his former wife or her husband then said that they didn't need his money and didn't want it.

The appellant here in her testimony denies that any such statement was made by her.

The evidence further shows that Charles William Morgan had at the time of this conversation made only two support payments and that thereafter he had made no further contributions to the support of his children in any way, shape, or form.

The evidence further shows that after his first divorce, Morgan married a second time but that this marriage lasted only

**464**

about nine months. Subsequent to his second divorce, he again remarried and two children were born of this marriage which is still existing.

In his brief, counsel for appellee (Morgan) argues that the issue in this appeal is simply whether there was an agreement between the appellant and appellee that in consideration of the abandonment of his visitations rights the appellee would be relieved of his support obligations; that the existence of such an agreement is a question of fact resolved against the appellant by the trier of fact after hearing the witnesses.

■ This argument overlooks well settled legal principles to the effect that appellant's duty to support his minor children, and the amounts of such support, were imposed by a final decree of a court having full jurisdiction in the premises. The parents are without any warrant in law to later nullify such decree by mutual agreement between themselves so as to deprive the minor children of the support to which they are entitled under the decree of a court of competent jurisdiction. Such agreements are without consideration, and void as a matter of public policy. Pilson v. Salvoni, 65 App.D.C. 55, 79 F.2d 411; Mosher v. Mosher, 25 Wash.2d 778, 172 P.2d 259; Herzog v. Herzog, 23 Wash.2d 382, 161 P.2d 142; Cervantes v. Cervantes, 239 Mo. App. 932, 203 S.W.2d 143; Glaze v. Strength, 186 Ga. 613, 198 S.E. 721; Walter v. Walter, 189 Ill.App. 345.

Nor is there any basis for denying the appellant relief because of laches on her part.

In Ussery v. Darrow, 238 Ala. 67, 188 So. 885, 888, it is stated:

"The principle of laches is as follows: 'Where, from delay, any conclusion the court may arrive at must at best be conjectural, and the original transactions have become so obscured by lapse of time, loss of evidence, and death of parties as to render it difficult if not impossible to do justice, the complainant will by his laches be precluded from relief.' "

The 1949 divorce and child support decree did justice between the parties. The extent of the duty of the appellee to support his minor children was definitively settled by that decree until altered or amended. There is no possibility of the original decree being obscured by the passage of time or loss of evidence.

■■ The support installments decreed at that time for the minor children became final judgments on the dates they became due and may be collected as other judgments. Armstrong v. Green, 260 Ala. 39, 68 So.2d 834, (on rehearing). Installments which mature before a petition to modify is filed are immune from change. Wood v. Wood, ante, p. 305, 154 So.2d 661.

The statute of limitations in Alabama for bringing an action on a judgment rendered by a court of this State is twenty years. Section 19, Title 7, Code of Alabama 1940.

■■ There being no basis for the application of the doctrine of laches, and appellant's legal right to the enforcement of the judgment having been asserted in equity, the statute of limitations governing her cause of action applies. Ballenger v. Liberty National Life Ins. Co., 266 Ala. 407, 96 So.2d 728.

Further, the defense sought to be set up by the appellee in the proceedings below was without equity. He was under a decree of the court to support his minor children to the extent of payments of $20.00 per month for each child. Only two such payments were made. Without legal excuse the appellee made no further contributions.

■ A party who comes into chancery asking equity must do equity to the party against whom he complains. Where he owes a debt involved in the proceedings, he must pay, or offer to pay, or show some sufficient excuse for his failure to pay, otherwise his contentions cannot be sustained. Yonge v. Shepperd, 44 Ala. 315.

The appellant was entitled to have calculated and determined the arrearages in the installments due and unpaid, and to have a judgment entered therefor. In such calculation the appellee is due to be given credit for the support payments paid. As to the daughter, no support payments were due after her marriage, and as to the son, no payments are due after the award of his custody to the appellee.

The decree is therefore reversed and the cause remanded to the lower court for proceedings consistent with this decree.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.