EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a divorce case.
The husband appeals and questions whether the trial court abused its discretion *423 by requiring the husband to pay an excessive total amount per month under the various terms of the judgment. He especially complains about being required to make mortgage payments upon a house.
The record, viewed with the attendant presumptions, reveals the following facts which are pertinent to the present problem:
The husband is a staff sergeant in the Air Force. As of the first part of March 1981 he was assigned to Korea for a tour of duty of twelve months. His net pay then became $640 per month. He testified that such pay is clear of all expenses. In Korea, the Air Force furnishes to him his food, clothing, housing, medical, dental and drug needs.
In April 1980 they had assumed payments on a house from his father, with title being taken in the husband’s name. Before the divorce and during their separation, he had been making the following monthly payments: $118 on the house mortgage, $90 on the debt on the wife’s Pinto car and $28 installments on a vacuum cleaner. He also paid $25 per week as child support.
The wife works at a restaurant and nets $50 weekly. They have a two-year-old son, and, without contradiction, she testified that $35 per week would be reasonable support for the child. She owed $70 on an electric bill and $64 for gas.
They own their furniture and two cars, the Pinto and an old Cadillac. His motorcycle and the Cadillac are free of debt and he expressed an intent to sell them before embarking for Korea.
After an ore tenus trial in January 1981, the trial court divorced the parties; awarded custody of the son to the wife; granted to the wife the furniture, the Pinto automobile and a one-half interest in the house, with the wife and child being granted the exclusive right to occupy the house until the wife remarries or the child becomes of age or self supporting, at which time the property would be sold and the proceeds divided equally between the husband and the wife; and ordered the husband to pay the utility bills, the wife’s attorney’s fee of $400 and the court costs. Additionally, he, in substance, was ordered to pay the following amounts:
(1) $35 per week for child support;
(2) $90 per month on her Pinto automobile debt, the last payment being due around January 1982;
(3) $118 per month for house mortgage payments; and
(4) $26 per month on the vacuum cleaner, the last installment being due about June 1982.
The division of property, the award of alimony and the amount of child support are interrelated, and, of necessity, are matters within the sound discretion of the trial judge. Keleher v. Keleher, 389 So.2d 1160 (Ala.Civ.App.1980). The question here is whether there was an abuse of discretion with regard to the total amounts which the husband is ordered to pay.
Except that he is now ordered to pay $10 per week more for child support, the payments numbered (1) through (4) are identical to the payments being made by the husband prior to the divorce. As to the house payments, the husband testified that he could pay them, but that it would be fairer for each party to pay one-half of them.
At this time his monthly payments total $385, but any hardship will be shortly somewhat alleviated, for in January 1982 his payments will be reduced to $295 after the last Pinto car installment is duly made. A further reduction to $269 per month will occur in June 1982 when the vacuum cleaner debt is fully paid. After June 1982, the payments will be for child support and upon the house mortgage. The mortgage payments will cease when one of the stated contingencies occurs and the house is sold. One-half of those payments on the house indebtedness inure to his benefit since he is now a co-equal owner of the house. From the judgment, it is clear that the trial court intended that the house be utilized as a residence for the child as well as for the wife.
*424 The well-known ore terms rule applies. While it may be temporarily liberal or generous, we do not find the judgment of the trial court to be palpably wrong. Neither does it constitute an abuse of judicial discretion. We affirm.
The wife’s request for an award of an attorney’s fee on appeal is granted in the amount of $300.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code of Alabama (1975) and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.