This case involves child support modification, and it is also concerned with the enforcement of the provisions of a prior divorce judgment as to alimony in gross or a property division.
Since the trial court presided over the hearing, our review of the evidence shall be consistent with the usual ore tenus presumptions. For clarity, the facts shall be separately discussed as to the two matters which are argued on appeal by Mrs. Stubbs, the former wife of Mr. Puls.
 I
The parties were divorced in May 1976. The divorce judgment approved an agreement of the parties whereby Mr. Puls agreed to pay $20 per week for the support of their only child, a daughter, who is now eight years of age. After the last trial, the circuit court determined that a material change of circumstances warranted an adjustment of the prior child support orders to $90 per month. Mrs. Stubbs contends that such increase, if any, as contained in that award was so inadequate as to constitute an abuse of discretion.
Upon that issue, the husband testified that he is the owner and operator of a garage and body shop, but, because he suffers from arthritis, high blood pressure and a bone disease, he has been unable to work and closed his business for a long period of time in 1981. At the time of the divorce, his income from all sources was between $15,000 and $20,000. In 1981, he made $3,000 from his business, $300 per month from renting trailers and $251 each month for a forty percent service-connected disability. He has always paid his child support by the month and voluntarily increased the monthly amount from $80 to $100 in 1979, but subsequently reduced it again.
Mrs. Stubbs' testimony upon that matter was that she is thirty-six years of age and enjoys good health. She has been employed at an army depot since before her marriage to Mr. Puls in October 1973, when her then wages were between $4 and $5 per hour. Her present pay scale is $7.50 per hour. In 1981, her salary amounted to between $13,000 and $14,000. She stated that $20 per week is inadequate to support the child because of increased expenses for the daughter and because of inflation. Her conclusion was that she now needs $40 each week as child support from Mr. Puls.
The trial court personally heard and observed the witnesses as they testified. That court's decision on child support is presumed to be factually correct and it is a matter which falls within the judicial discretion of the trial court. We cannot disturb the holding of the circuit court unless the modification of the award of child support was not supported by the evidence or unless it was palpably wrong. Austin v. Austin,408 So.2d 138 (Ala.Civ.App. 1981); Jackson v. Jackson,406 So.2d 422 (Ala.Civ.App. 1981). The needs of the daughter and the means of the parents to provide for her support are among the matters to be considered by the trial court in determining the amount of child support. Williamson v. Williamson,391 So.2d 115 (Ala.Civ.App. 1980). In fashioning the judgment, the trial court could not ignore the ability of the father to pay.Young v. Young, 376 So.2d 737 (Ala.Civ.App. 1979). Here, the amount of the father's income materially declined between the initial judgment and the last judgment.
As to the amount of the child support award, we find that the trial court did not abuse its discretion, that the evidence supports the holding and that the judgment is not clearly wrong. Accordingly, we affirm that aspect of the judgment which ordered Mr. Puls to pay $90 monthly as child support.
 II
The other portion of the trial court's judgment urged as being erroneous is as follows: *Page 1073 
 "After hearing the testimony presented and considering same, the Court finds as follows:
. . . .
 "3. That the Plaintiff, under the terms of the separation agreement, was entitled to $5,000.00 at such time that a house was sold. Such sale occurred on or about March 4, 1977.
 "4. That as to the claim of the Plaintiff that the Defendant owes her $5,000.00, the following findings are made:
 "(a) The Plaintiff has always been represented by counsel during the pendency of this proceeding.
 "(b) No mention of the obligation to pay $5,000.00 was made in a prior petition to modify filed by the Defendant which was dismissed on joint motion of the Plaintiff and the Defendant on the grounds that the parties were jointly agreeing to allow the original decree to stand as is.
 "(c) The Plaintiff has made no attempt to collect the $5,000.00 through the Court until July 26, 1982, when an Amended Answer was filed which made reference to the claim.
 "(d) The Plaintiff did not use reasonable diligence to collect this debt and therefore should be barred from doing so at this time.
 "It is therefore ORDERED, ADJUDGED AND DECREED as follows:
. . . .
 "4. That the Plaintiff is barred from collection of the $5,000.00 claimed of the Defendant because of laches."
The only real issue for our decision in that regard is whether Mrs. Stubbs is prevented by laches from collecting the $5,000 judgment debt. Laches is the only matter which is argued by the parties concerning her being prevented from enforcing the divorce judgment. That judgment approved the separation agreement of the parties as to the debt.
Since the evidence upholds the findings of the trial court as to paragraphs numbered 3, 4 (a), 4 (b) and 4 (c), supra, we will not repeat those facts herein. Other testimony upon the laches question was given by the parties. While laches is an affirmative defense under Rule 8 (c) of the Alabama Rules of Civil Procedure, its not being pled in this case is excused since that defense was tried by the implied consent of the parties. Rule 15 (b), A.R.Civ.P.
Mr. Puls testified that he first learned about Mrs. Stubbs desiring payment of the indebtedness by means of the present proceedings, that she had neither demanded nor discussed the problem with him previously and that he had never paid any portion of the debt to her.
Mrs. Stubbs' testimony was that Mr. Puls had not paid any part of the $5,000 to her and that he told her in 1976 and in 1977 that he never intended to pay it. She stated that, after the house sale, she inquired of him about when payment would be made of the debt to her.
In Morgan v. Morgan, 275 Ala. 461, 156 So.2d 147 (1963), the former wife, in 1963, sought to recover child support payments which were delinquent under a February 1949 judgment. By the terms of that divorce judgment, the husband was due to pay $20 per month for the support of two minor children. During the thirteen-year period since the divorce the husband had only paid $100 and was grossly in arrears. The trial court found from the evidence that the wife made no attempt to enforce the support payments for a period of thirteen years and that she acquiesced in the husband's failure to make the support payments. It was held by the trial court that laches applied. The supreme court reversed that decision, holding as follows:
 "Nor is there any basis for denying the appellant relief because of laches on her part.
 "In Ussery v. Darrow, 238 Ala. 67, 188 So. 885, 888, it is stated:
"`The principle of laches is as follows:
 "`"Where, from delay, any conclusion the court may arrive at must at best be conjectural, and the original transactions have become so obscured *Page 1074 
by lapse of time, loss of evidence, and death of parties as to render it difficult if not impossible to do justice, the complainant will by his laches be precluded from relief."'"
 "There is no possibility of the original decree being obscured by the passage of time or loss of evidence. . . .
 "The statute of limitations in Alabama for bringing an action on a judgment rendered by a court of this State is twenty years. Section 19, Title 7, Code of Alabama 1940.
 "There being no basis for the application of the doctrine of laches, and appellant's legal right to the enforcement of the judgment having been asserted in equity, the statute of limitations governing her cause of action applies. Ballenger v. Liberty National Life Ins. Co., 266 Ala. 407, 96 So.2d 728."
In Solinger v. Solinger, 57 Ala. App. 225, 327 So.2d 721,cert. denied, 295 Ala. 419, 327 So.2d 723 (1976), an October 1950 decree ordered alimony from the husband to the wife of $7.50 per week. The husband died in 1973 and the wife sought to recover unpaid alimony from her former husband's estate. She alleged that no alimony installments had been paid since May 1952. The trial court ascertained that no arrearage existed. This court held that such determination was reversible error, stating:
 "The plaintiff correctly notes that claims for installments due twenty years or more prior to the filing of plaintiff's petition for revival are barred by the statute of limitations, Title 7, § 19 Code of Alabama 1940. The claims for installments due more than ten years but less than twenty years are not barred, by statute or by laches, Morgan v. Morgan, 275 Ala. 461, 156 So.2d 147, but are subject to the presumption of satisfaction. We hold that this presumption has been rebutted by plaintiff's uncontradicted showing. The installments accruing less than ten years prior to the petition are not even subject to the presumption of satisfaction. As to these recent installments the record offers no contradiction whatsoever to plaintiff's claim."
Solinger v. Solinger, supra.
The most recent case by an Alabama appellate court concerning laches did not involve alimony, but it did summarize some of the law upon that subject which is here pertinent. Therein it was held:
 "Laches is a doctrine of equity. In speaking of the doctrine, Chief Justice Taney said in the case of McKnight v. Taylor, 42 U.S. (1 How.) 161, 168, 11 L.Ed. 86 (1843):
 "`We do not found our judgment upon the presumption of payment; for it is not merely on presumption of payment or in analogy to the statute of limitations that a court of chancery refuses to lend its aid to stale demands. There must be conscience, good faith and reasonable diligence to call into action the powers of the court. In matters of account, where they are not barred by the act of limitations, courts of equity refuse to interfere after a considerable lapse of time, from considerations of public policy, and from the difficulty of doing entire justice, when the original transactions have become obscure by the lapse of time and the evidence may be lost.'"
. . . .
 ". . . Laches, as we have previously defined it, is an equitable defense to be applied where from delay, loss of evidence, and death, any judgment would be conjectural and difficult to do justice. It is not necessary that the court be satisfied that the claim is unjust or has been satisfied. Laches may be applied even though the claim is not barred by the statute of limitations nor barred by the twenty-year rule of prescription. McCary v. Robinson, 272 Ala. 123, 130 So.2d 25 (1961); Ussery v. Darrow, 238 Ala. 67, 188 So. 885 (1939).
 "The court said in Snodgrass v. Snodgrass, 176 Ala. 276, 58 So. 201 (1912): `This court has applied this principle, even where the period of twenty years has not elapsed, but from other circumstances, *Page 1075 
such as the death of parties, etc., it is deemed inequitable to open up the transactions.'" (Citations omitted.)
Williamson v. Shoults, 423 So.2d 874 (Ala.Civ.App. 1982).
In the present case, the only fact upon which the doctrine of laches could be based consists of the lapse of five years, from March 1977 to July 1982, without any effort by Mrs. Stubbs through the court to collect the debt from Mr. Puls. That, without more, is inadequate to bar the debt because of laches. We do not find any circumstances which would render it inequitable to enforce the divorce judgment. The record does not disclose that the delay caused any loss of evidence whereby the enforcement of the judgment would be conjectural thereby making justice difficult to administer as laches was defined in the Williamson case, supra. Both Morgan and Solinger, supra, disallow any laches prohibition against the attempt to collect the $5,000 debt. The same reasoning, logic and legal principles of those cases would be applicable to the present litigation.
We must reverse that aspect of the judgment of the learned trial court which held that Mrs. Stubbs is barred by laches from collecting the $5,000 indebtedness from Mr. Puls, and that aspect of the judgment is hereby remanded to the trial court for the entry of judgment as to that issue of the case. The judgment on remand shall not be inconsistent with this opinion.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
All the Judges concur.