This is a domestic relations case.
The former husband appeals from an order of the Circuit Court of Mobile County, which found that an arrearage of $8,700 was owed for unpaid child support installments.
The husband on appeal contends, through able counsel, that an action for the amounts past due is barred by the doctrine of laches and that the trial court erred in establishing the amount of arrearages.
Viewing the testimony, as revealed by the record, with the attendant presumptions accorded the trial court's action, we find the following:
The parties were divorced in 1965 and the wife was awarded custody of the three minor children. Under the divorce decree, the husband was ordered to pay ten dollars per week per child or thirty dollars per week in child support. The court order also awarded the wife $1,228 for child support that had already accrued. All payments were to be made through the Accounts Clerk of Mobile County. The records indicate that only $582 was paid under that decree.
In 1966, the wife discovered that the husband was living in Washington, D.C., and filed an action to recover child support through the Department of Investigation and Recovery and Non-Support. The Washington, D.C., court lowered the husband's payment to twenty-five dollars per week. The record indicates that from this decree certain payments were made through the court from 1966 to 1970.
A second reciprocal non-support action was filed in 1970 while the husband was living in Tennessee. According to the record, payments resulting from this action were made by the husband until 1971, when the husband moved to Maryland. At that time he stopped paying any child support installment through the courts; however, there was evidence that some payments were made directly to the wife.
Both parties testified that they had not kept records of the amount of child support that was paid directly to the wife. The husband did, however, produce some receipts from the payments that he had made, totaling less than $2,000. The wife testified that no more than $3,000 had been paid directly to her from 1971 to 1980, when the youngest son turned nineteen.
There was testimony that the middle son quit school when he was fifteen and went to work on a sporadic basis. The youngest son also quit school at age sixteen and began working. Both continued to live at home and relied on their mother for support.
When considering the total child support due from 1965 to 1980 and reducing that total by the amounts paid, there was evidence that the husband owed more than $9,000 in arrearage. The trial court, after an ore tenus hearing, found that the husband was in contempt and ordered a lump sum payment of $8,700 for the amounts past due.
The husband contends that the action for the past-due child support is untimely because of the delay in filing the action and should be barred by the doctrine of laches. We do not agree.
The doctrine of laches is applied when a delay will make it difficult or impossible to do justice. The principle has no basis for application when dealing with past-due child support payments from a *Page 734 
valid divorce decree. Morgan v. Morgan, 275 Ala. 461,156 So.2d 147 (1963).
Furthermore, in the case at hand, it appears that the delay caused no injustice. The husband was aware of the divorce decree for a number of years and knew that the child support payments were due.
The husband also contends that the trial court erred in determining the amount of child support arrearages, maintaining that the children were self-supporting and that he was due a credit for that period of time.
The meaning of "self-support" is the independent support of oneself. Taylor v. Taylor, 412 So.2d 1231 (Ala.Civ.App. 1981).
Here, there was evidence that the two youngest sons did work. The work, however, was not continuous, sometimes being only three days per week. There was also testimony that even during this period the two sons relied on their mother for support. It appears that they were not independently supporting themselves.
Additionally, the award or denial of a credit against an arrearage in child support is within the sound judicial discretion of the trial court, and this judgment will not be reversed without a showing of abuse. Marsh v. Marsh,426 So.2d 847 (Ala.Civ.App. 1983).
The trial court heard the evidence and examined the various items of documentary proof offered by the parties. When considering the divorce decree which determined the child support payments and the fact that the children were not self-supporting, we find that this action was not untimely nor was the judgment in excess of an amount reasonably supported by the evidence. There is no reason to disturb the court's award.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.