The wife sought to modify a divorce judgment by an increase in support payments for herself and for their two minor children, and she also prayed for the payment in full of a mortgage debt upon her home. The trial court ordered the husband to fully pay the mortgage indebtedness and to commence payment of a total of $2,000 monthly as periodic alimony and child support. The husband appeals.
The divorce judgment was entered in April 1983. It ratified and approved an agreement of the parties whereby the husband agreed to pay $1,600 monthly for the support of the wife and two minor children. Those payments were to continue until such time as the husband pays to the wife a lump sum of money pursuant to a written collateral agreement to be subsequently reached by the parties in full settlement of his entire obligation for support toward the wife and children, but we do not determine the validity of that provision, since we deem it unnecessary to do so. He further agreed to pay the mortgage installments upon the home awarded to the wife and to pay that mortgage indebtedness in full as soon as his financial abilities permitted.
Eighteen months after the divorce, the wife filed her modification petition. The husband did not file any answer or affirmative defenses regarding that petition. He propounded interrogatories to the wife and she answered them. The husband failed to produce any document or written evidence as requested by the wife and he did not answer interrogatories filed by the wife, although the trial court overruled his objections to both of those efforts of discovery by her. While he was represented by counsel at the trial, the husband did not personally attend it and he did not present any evidence.
The trial evidence consisted of the ore tenus testimony of the wife and her answers to his interrogatories. Those answers were offered into evidence without objection from the husband. However, at the conclusion of the wife's trial testimony and after the husband's interrogatories to her and her answers thereto had been so introduced into evidence, the husband moved to strike her testimony as to the husband's "present circumstances or financial ability," based upon the fact that she had no personal knowledge thereof and that her answers constituted hearsay. The trial court overruled that motion. While no issue is raised as to that ruling upon appeal, we note that the husband's motion was properly overruled since it did not specify with the required degree of particularity as to what evidence was deemed by the husband to be subject to the motion. Over a century ago, it was determined that a motion "to exclude all, and every part of the testimony which was offered by the plaintiffs (below) showing their credit was impaired by suing out the attachment" was too general, vague, and indefinite. Donnell v. Jones, 13 Ala. 490, 506 (1848). The supreme court reasoned that such a motion imposed upon the trial court the burden which belonged to counsel of sifting and scrutinizing the evidence to ascertain what portions thereof were intended to come within the scope of the motion to exclude. See Phillips v. State, 446 So.2d 57 (Ala.Cr.App. 1983). The motion to strike as made *Page 1198 
in the case sub judice is subject to the same ruling for the same reasons.
Since no objection was originally made to the evidence and since the trial court, in its discretion, properly overruled the motion to exclude, the trial court was free to consider the wife's testimony and her answers to interrogatories in reaching a decision in the matter. Ex parte Neal, 423 So.2d 850 (Ala. 1982). Accordingly, we likewise look to all of such evidence to ascertain if the judgment of the trial court was supported by it.
In viewing the record in light of the attendant presumptions, the following constitutes some of the evidence which is relevant to the issues which must be decided.
In one of her answers to interrogatories, the wife stated that she had been informed by knowledgeable parties that the husband had earned $1,800,000 since the divorce. The source of those earnings is not disclosed by the evidence. The husband apparently had a high standard of living. The wife testified in substance that the husband had indicated to her that he possessed adequate funds with which to pay the mortgage indebtedness in full. While he later began to pay $2,000 monthly to her, the husband made no support payments during the two months prior to the trial. Her listed monthly expenses exceeded $4,700 which included some items which the trial court probably should not have considered.
The husband, through the wife's mother, paid $100,000 in cash to the wife. It was delivered to the wife in a sack and consisted primarily of twenty dollar bills. While the parties apparently entered into a collateral agreement as to that money, that agreement was not offered into evidence and we are left without anything definitive as to the terms and conditions thereof. The wife did testify that the money was to take care of the $1,600 per month obligation for some undisclosed period of time. She invested the entire $100,000 in real estate which produces no income and which is being offered for sale.
The record does not reveal that "clean hands" was ever expressly raised in the trial court. In any event, that doctrine is an affirmative defense under rule 8 (c) of the Alabama Rules of Civil Procedure and was not so pleaded in this case. The application thereof is a matter peculiarly within the discretion of the trial court. Lowe v. Lowe, 466 So.2d 969
(Ala.Civ.App. 1985). We find no abuse of discretion as to that issue.
Since the trial was conducted before the circuit court, that court's judgment is presumed to be correct and cannot be disturbed upon appeal unless the modification award was so unsupported by the evidence as to be palpably wrong. Stubbs v.Puls, 429 So.2d 1071 (Ala.Civ.App. 1983). The modification of child support or periodic alimony for changed conditions is a matter within the discretion of the trial court and the decision of the trial court upon such matters will not be disturbed upon appeal unless the trier of fact was plainly wrong, each case being dependent upon its own facts. Green v.Green, 380 So.2d 884 (Ala.Civ.App. 1980). In fashioning the judgment, the trial court could not ignore the ability of the husband to pay. Stubbs, 429 So.2d at 1072. Here, that ability was great according to the evidence. Even if he were much less affluent than the wife's testimony indicated, the increase in combined periodic alimony and child support by $400 each month would not have been so unreasonable as to constitute an abuse of discretion. We find that the peculiar facts of this case supported the judgment of the trial court, that it was not palpably wrong, and that no abuse of discretion occurred.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 1199