This is a post-divorce child support case.
The husband represented himself in the trial court and has not filed any brief as to the wife's appeal. She raises two issues.
 I
The parties were divorced on February 28, 1983. The divorce judgment approved an agreement of the parties, whereby the wife was awarded the custody of their fourteen-month-old daughter, and the husband was required to pay $400 per month as child support. In April 1986, the wife filed her petition for arule nisi. She averred that the husband was in arrears in child support in the amount of $4,650. After an ore tenus trial before the circuit court, a judgment was entered on May 14, 1986, whereby it was ascertained that the husband was unemployed at the time of their divorce agreement, that the basis of that agreement was his anticipated income from the Army, but that, after he entered upon active duty, his salary was significantly less than he had been led to believe. Consequently, he contacted the wife's attorney to explain the situation and, thereafter, paid between $200 and $325 per month as child support. The trial court further found that, although the evidence was in conflict as to whether the parties reached an agreement concerning a reduction *Page 1138 
in child support, the wife is estopped to claim a support arrearage since she took no step for almost three years to enforce the child support provisions of the divorce judgment. The trial court also found that the husband did not have the capacity to fully comply with all of the terms of the divorce judgment.
The wife contends that the trial court erred in not rendering a judgment in her favor for the amount of unpaid child support arrearage which was due to have been paid by the husband under the terms of the divorce judgment.
The record reveals the following as to that issue.
The wife testified that their daughter is now four-and-one-half years of age. The husband paid no child support for the first two months after the divorce. Thereafter, he sent $225 per month through an Army allotment, which prior to trial was changed to $325 per month. The wife further testified that the husband's arrearage totals $4,650 as to the ordered child support and that she had to work on more than one job in order to survive financially. On cross-examination by the husband, she testified that she took no legal steps to collect past-due child support until she decided to commence the present proceedings.
The husband testified that he is an E-4 in the Army. His present spouse is also in the military. They have one child.
At the time that the parties entered into the divorce settlement, the husband was in the Army's delayed entry program, and he had been led to believe that he would be making more than he actually makes. The child's allotment was delayed for two months until he furnished her birth certificate to the Army.
He further testified that he thought that they had reached an agreement through an attorney, that he could not afford to pay everything which he had anticipated that he could pay, and that the attorney said that the wife had agreed that $225 per month was enough. The husband did not talk to the wife, only to the attorney. It has been three years, and the wife never complained to him although she wrote several letters to him. If she had said something earlier, he could have helped along the way, but it is now impossible for him to come up with this amount of money all at once.
The husband recently changed the allotment to $325 per month. The Army pays $226 toward the child support, which is tax free to him. Including that $226, his net monthly income after taxes is $900.
The divorce judgment was never modified as to child support until the judgment in the present litigation was entered on May 14, 1986.
In Morgan v. Morgan, 275 Ala. 461, 156 So.2d 147 (1963), the wife appealed from a decree which denied her any recovery for child support for the preceding fourteen years. The husband argued on appeal that there was a verbal agreement of the parties that was made after their divorce judgment which relieved him from the payment of child support as ordered in the divorce judgment. The supreme court reversed the case, and the following was pertinently stated:
 "This argument [of the husband] overlooks well settled legal principles to the effect that [appellee's] duty to support his minor children, and the amounts of such support, were imposed by a final decree of a court having full jurisdiction in the premises. The parents are without any warrant in law to later nullify such decree by mutual agreement between themselves so as to deprive the minor children of the support to which they are entitled under the decree of a court of competent jurisdiction. . . .
 "Nor is there any basis for denying the appellant relief because of laches on her part.
 "In Ussery v. Darrow, 238 Ala. 67, 188 So. 885, 888, it is stated:
" 'The principle of laches is as follows:
 "Where, from delay, any conclusion the court may arrive at must at best be conjectural, and the original transactions have become so obscured by lapse of *Page 1139 
time, loss of evidence, and death of parties as to render it difficult if not impossible to do justice, the complainant will by his laches be precluded from relief." '
 "The 1949 divorce and child support decree did justice between the parties. The extent of the duty of the appellee to support his minor children was definitively settled by that decree until altered or amended. There is no possibility of the original decree being obscured by the passage of time or loss of evidence.
 "The support installments decreed at that time for the minor children became final judgments on the dates they became due and may be collected as other judgments. Armstrong v. Green, 260 Ala. 39, 68 So.2d 834, (on rehearing). Installments which mature before a petition to modify is filed are immune from change. Wood v. Wood, ante [275 Ala.], p. 305, 154 So.2d 661.
 "The statute of limitations in Alabama for bringing an action on a judgment rendered by a court of this State is twenty years. Section 19, Title 7, Code of Alabama 1940.
 "There being no basis for the application of the doctrine of laches, and appellant's legal right to the enforcement of the judgment having been asserted in equity, the statute of limitations governing her cause of action applies. Ballenger v. Liberty National Life Ins. Co., 266 Ala. 407, 96 So.2d 728.
". . . .
 "The appellant was entitled to have calculated and determined the arrearages in the installments due and unpaid, and to have a judgment entered therefor. In such calculation the appellee is due to be given credit for the support payments paid."
Morgan, 275 Ala. at 464-65, 156 So.2d at 150-51. See alsoRudder v. Rudder, 462 So.2d 732 (Ala.Civ.App. 1984), and Pettyv. Petty, 479 So.2d 1288 (Ala.Civ.App. 1985).
If the parties reached an agreement which reduced the child support from $400 to $225 per month, the approval of the trial court should have been sought as to the matter, and, in the absence of a modification judgment to that effect, the husband was due to pay $400 each month as child support.
The wife in this case, as was the wife in Morgan, was entitled to have calculated and determined the amount of the installments, or portions thereof, which were unpaid and to have a judgment entered therefor together with interest thereon. Stewart v. Johnson, 401 So.2d 101
(Ala.Civ.App. 1981). The learned and able trial court erred in not rendering such a judgment.
 II
The trial court reduced the amount of child support from $400 each month to 20% of his net take-home pay. That support presently amounts to $180 per month.
Here, the wife filed a contempt proceeding. The husband filed no pleadings. He did not seek modification of the amount of child support by written or oral petition or request. That issue was not tried expressly or with the implied consent of the parties. Under very similar circumstances, which existed inPrice v. Price, 442 So.2d 121 (Ala.Civ.App. 1983), it was held that fair play and due process dictated a reversal. The Price
case is determinative of this matter, and we must reverse as to this issue. By our holding, we should not be construed as ruling or commenting upon the merits of whether a modification of child support should, or should not, be granted if the husband seeks legal advice and assistance and properly pursues the matter through child support modification proceedings in the future.
For the foregoing reasons, the judgment of the learned trial court is reversed, and this cause is remanded to the trial court for the entry of a judgment which is consistent with the above.
Mr. Parnell shall pay Mrs. Parnell's attorney the sum of $250 to be applied upon her legal fee as to this appeal.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty *Page 1140 
status as a judge of this court under the provisions of §12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.