ROBERT P. BRADLEY, Retired Appellate Judge.
The parties to this proceeding, Christopher and Winifred McCool, were married in August 1975 and divorced in September 1981 in the state of Tennessee. There were two children born of the marriage.
In the divorce decree the mother was awarded custody of the children, and Christopher, the father, was required to pay “$130 bi-weekly” as child support. The divorce decree was modified in 1984 to increase child support to “$175 bi-weekly.”
On August 31, 1988 the State of Tennessee and the mother filed a petition under the Uniform Reciprocal Enforcement of Support Act, §§ 30-4-83 through -98, Code 1975 (URESA), against the father in the District Court of Limestone County, Alabama. The complaint charged that the father was in arrears in payment of child support in the amount of $6,054.38 and sought future support of “$175 bi-weekly.” The father answered the petition, and the cause was heard by the court on April 25, 1989.
On May 2, 1989 the trial court entered an order finding that the parties had stipulated to an arrearage of $3,600, disallowing a credit of $1,200 against the stipulated arrearage, requiring the father to pay “$175 every two weeks” as child support, and requiring him to pay “$50 every two weeks” toward satisfaction of the arrear-age. The father’s motion to alter, amend, or vacate the court’s judgment was denied, and the father appeals.
In his brief here the father presents three issues for decision. Two of those issues are not supported by legal authority. In the absence of legal authority to support the arguments made in brief, this court will not consider those arguments. May v. State Dept. of Human Resources, 512 So.2d 781 (Ala.Civ.App.1987); Rule 28, Alabama Rules of Appellate Procedure.
In the only issue supported by legal authority, the father asserts that the trial court erred by refusing to give effect to an alleged agreement of the parties purport *774 ing to modify the Tennessee support obligation.
The record evidence shows that the father lost his job at Browns Ferry Nuclear Power Plant in September 1985 and was not rehired until July of 1986. During the time he was not employed at Browns Ferry, he did odd jobs for minimum wage.
The father testified that he and his wife had an agreement that should he be reinstated at Browns Ferry with full back pay that she would receive all of the arrearage in child support. If he did not receive full back pay, she would accept whatever he could pay.
The arrearage testified to by the wife was $4,196.88; the arrearage that the father stated that he owed was $3,687.50. The father claimed that he gave the mother $1,200 in cash which should be credited against the amount of arrearage he admitted to owing. The mother stated that the father did not give her $1,200 in cash for child support, and that she did not agree to waive the full amount of the arrearage.
At the conclusion of the hearing the parties stipulated that the arrearage the father owed was $3,600, and the court declined to give the father credit for the $1,200.
It is well settled in Alabama that parents cannot nullify a child support court order by mutual agreement so as to deprive their children of support to which they are entitled by decree of a court of competent jurisdiction. Morgan v. Morgan, 275 Ala. 461, 156 So.2d 147 (1963); Parnell v. Parnell, 500 So.2d 1137 (Ala.Civ.App.1986).
Had there been an agreement to waive child support arrearage, it would have been a nullity. However, the wife denied that she had made such an agreement with the husband. Such a conflict in the evidence would then be a matter for the trial court to resolve. The trial court’s resolution of a conflict in the evidence will not be overturned on appeal unless it is palpably wrong. Boyd v. Boyd, 447 So.2d 790 (Ala.Civ.App.1984).
Notwithstanding all that we have said above, we note that the parties, at the conclusion of the hearing, stipulated that the father was $3,600 in arrears. Based on the stipulation, the trial court found that the father’s child support arrearage was $3,600. Stipulations made in open court are binding. Pennington v. Yarbrough, 406 So.2d 943 (Ala.Civ.App.1981). We find no error here in the trial court’s resolution of this issue.
In the absence of reversible error, the judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.