INGRAM, Presiding Judge.
The mother and father were divorced in 1975. Incorporated into the divorce decree was a provision for the support for the minor child. Specifically, the father was ordered to pay the mother $100.00 per month as child support.
In 1989, the mother filed a motion for a rule nisi, contending that the father was in arrears in his support obligation.
After an ore tenus proceeding, the trial court found that no arrearage existed. The mother then filed a motion to reconsider. After a hearing, the trial court granted the mother’s motion and found that the father was in arrears in the amount of $15,100. The father appeals.
The dispositive issue on appeal is whether the trial court erred in finding that the father was in arrears in his child support payments.
It is clear that, pursuant to the divorce decree, the father was to pay child support in the amount of $100.00 per month. The record is also clear that no such regular payments were ever made by the father. Rather, he contends that he had an agreement with the mother that he would not pay the monthly payments. He alleges that the mother received an additional $12,-500 at the time of the divorce and that she agreed that she would not make any at-' tempt to collect the child support due under the divorce decree. However, the mother denies such an agreement.
It is well settled that parents cannot nullify a child support court order by mutual agreement so as to deprive their children of the support to which they are entitled by decree of a court of competent jurisdiction. Parnell v. Parnell, 500 So.2d 1137 (Ala. *469 Civ.App.1986). Assuming there was any such agreement between the mother and the father, it would simply be a nullity. McCool v. State of Alabama ex rel. State of Tennessee, 560 So.2d 772 (Ala.Civ.App.1990). Therefore, we find no error by the trial court in finding that an arrearage did exist.
We do note, however, that a trial court may allow a credit against an arrear-age in child support. Kinsey v. Kinsey, 425 So.2d 483 (Ala.Civ.App.1983). Such a decision, however, is within the discretion of the trial court and will not be reversed absent a showing of plain and palpable abuse. Kinsey, supra.
Here, the mother alleged that the father was in arrears in the total amount of $15,-600 from September 1976 through September 1989 (156 months X $100 = $15,600). However, she testified: “I’ll be happy to give him credit for thirty five hundred [dollars] if he insists on that but I [only] remember the three thousand.” She also specifically requested only $12,100 in unpaid accrued child support in her motion for reconsideration ($15,600 — $3,500 = $12,100). However, the trial court found that the father was in arrears in the amount of $15,100. We have searched the record, and we can find no mathematical support for the trial court’s figure. Therefore, we affirm that portion of the trial court’s judgment with respect to the father’s liability for arrearage. However, as concerns the amount of the arrearage, we reverse the trial court’s determination. Rather, we find the arrearage to be $12,-100.
Accordingly, we affirm in part and reverse and remand in part, with directions to enter a judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART WITH DIRECTIONS.
ROBERTSON and RUSSELL, JJ., concur.