ROBERTSON, Judge.
This is a child support arrearage case.
Connie Poster and Charles Foster were divorced in December 1972. Pursuant to the decree, the wife was awarded custody of the parties’ minor twin daughters, who, at the time of the divorce, were approximately two years old.
The divorce decree further provided that the husband would pay the sum of $30 per week until further order of the court. On November 30, 1973, the trial court modified the divorce decree with regard to the husband’s visitation schedule and increased his child support obligation in the amount of $5 per week.
On April 5, 1975, the wife filed a contempt petition in which she alleged that the husband was willfully refusing to comply with the court’s order directing him to pay child support. The record does not reflect whether a hearing was held on this petition *1220 or whether the husband was ever ordered to pay any arrearage.
On February 16, 1977, the wife filed another contempt petition in which she alleged that the husband was in arrears in an amount of $3,785. Once again the record is devoid of any orders entered in response to the wife’s petition.
The next action taken by the trial court occurred on July 17, 1984, when the custody of the twins was awarded to the husband.
On September 14, 1987, the wife filed another contempt petition in which she alleged that one of the minor daughters had married and that the other daughter had resumed living with the wife. She also requested once again that the court determine the amount of past due child support owed by the husband.
On November 23, 1987, a domestic referee heard evidence on the wife’s petition and made the following determinations: (1) that all child support, which was due and owing prior to September 14, 1977, was presumed satisfied; (2) that the wife was not entitled to any support from March 1, 1984, until the present because the husband had custody of the twins from that date forward and because the husband was awarded custody of the twins in July 1984; and (3) that the wife did not bear her burden of proof on her petition and the court was unable to determine an arrear-age.
The circuit court subsequently adopted the findings and judgment of the referee. The wife then petitioned for a new hearing in the circuit court, requesting that the findings of the referee be reversed. The circuit court then held a hearing on the wife’s motion and found in favor of the husband and readopted the referee’s findings and determinations. The wife then filed a motion for a rehearing, motion for a judgment notwithstanding the verdict, or in the alternative, a new trial, which was never ruled on by the trial court and was, thus, denied by operation of law. She now appeals.
Past due child support payments create final monied judgements. O’Neal v. O’Neal, 532 So.2d 649 (Ala.Civ.App.1988). Further, past due child support payments which become due before a modification petition are not subject to change. O’Neal. We note that the child support provisions of the divorce decree in this case were never modified except so as to increase the husband’s obligation.
Further, an obligor parent is not entitled to credits against his child support arrearage where he has failed to present proof establishing the monetary amount of such credits. O’Neal. Here, the father failed to establish the amount of any alleged credits due him by virtue of the twins’ living with him. We note that the findings and conclusions of the referee, as adopted by the trial court, indicate that the referee improperly placed this burden of proof on the wife.
Finally, with regard to the conclusion that payments which fell due prior to September 14, 1977, are presumed satisfied as a matter of law, that conclusion is also in error. First of all, laches has no application to past due child support payments. Rudder v. Rudder, 462 So.2d 732 (Ala.Civ.App.1984). Likewise, the statute of limitations applied to past due child support is a 20-year statute. Parnell v. Parnell, 500 So.2d 1137 (Ala.Civ.App.1986). Thus, this action is not time barred by the statute of limitations.
The wife in this case was entitled to a calculation as to the amount of child support due from the husband and to have a judgment entered with interest thereon. Parnell.
Consequently, the judgment of the trial court is due to be reversed, and this case is remanded to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
INGRAM, P.J., and RUSSELL, J., concur.